■ In the Matter of AUGUSTINE MASSEY, Respondent, v JAMES L. MASSEY, Appellant. — In proceedings, *inter alia,* pursuant to article 6 of the Family Court Act, the father of the child in question appeals from an order of the Family Court, Westchester County (Scancarelli, J.), dated June 16, 1982, which granted the mother's application for a writ of habeas corpus, and dismissed the parties' cross petitions for a determination with respect to custody, pursuant to section 75-d of the Domestic Relations Law, for lack of jurisdiction. Order reversed, without costs or disbursements, and the matter is remitted to the Family Court for a prompt hearing and determination with respect to custody. The parties were married on August 30, 1969, in New Rochelle, New York, and there is one issue of their marriage, Michelle, born September 10, 1970. By judgment of the Supreme Court, Westchester County, dated May 6, 1976, the parties were divorced, but the judgment made no provision for custody of the child. Michelle initially resided with her mother in New York but in 1977 she was sent to live with her paternal grandmother in Philadelphia, Pennsylvania. In 1980, the mother showed up at the child's school in Philadelphia, and took the child to live with her in Montreal, Quebec, Canada. In December, 1981, the father moved in the Superior Court, District of Montreal, Province of Quebec, Canada, for an order granting him "visiting rights". In an order entered January 14, 1982, the motion was granted and visitation was authorized on one weekend per month. The order did not explicitly provide for custody (cf. Domestic Relations Law, § 75-w). On the weekend of May 1, 1982, the father exercised his right of visitation, took the child home with him to Mount Vernon, in Westchester County, and refused to return her to her mother. The mother, by petition dated May 11, 1982, in the

Family Court, Westchester County, applied for a writ of habeas corpus, and by a separate petition commenced a proceeding pursuant to article 6 of the Family Court Act for a determination with respect to custody. On May 14, 1982, the father cross-petitioned for a determination with respect to custody. The Law Guardian, after interviewing the child, informed the court that the child wanted to live with her father, and did not want to see or visit with her mother. The Law Guardian recommended that the application for a writ of habeas corpus be denied, and the matter set down for a fact-finding hearing. The Family Court granted the mother's application for a writ of habeas corpus, and dismissed the petitions for a determination with respect to custody, pursuant to subdivision 1 of section 75-d of the Domestic Relations Law, on the ground that the courts of Quebec, Canada, were the proper forum to hear the dispute. We reverse. Subdivision 10 of section 75-c of the Domestic Relations Law defines "State" as "any state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia." Thus, Quebec, Canada, is not a "State" within the meaning of the statute. Pursuant to section 75-d (subd 1, par [d], cl [i]), the courts of this State may assume jurisdiction over this dispute, because "it appears that no other state would have jurisdiction". Section 75-h of the Domestic Relations Law, which permits the New York courts to decline to exercise jurisdiction upon a finding that New York is an inconvenient forum and "a court of another state is a more appropriate forum", is inapplicable here, because the Family Court did not find that another *State* was a more appropriate forum. Further, the Family Court noted that "it appears that both parents in this matter have engaged in acts of self-help." Therefore, jurisdiction should not be declined pursuant to section 75-i of the Domestic Relations Law. In our view, the best interests of the child would be served if New York assumes jurisdiction over the dispute, and renders a prompt determination with respect to custody. The child has been shifted about in *de facto* custody arrangements long enough, and a prompt, permanent resolution of this dispute is essential. Mollen, P. J., Lazer, Weinstein and Gulotta, JJ., concur.