OPINION OF THE COURT
Dan Lamont, J.
Petitioner father brings this petition for custody pursuant to Family Court Act article 6 and Domestic Relations Law article 5-A seeking legal custody of the parties’ seven-year-old son, Jeremy (born July 8, 1979). Respondent mother has moved for an order dismissing the petition for lack of jurisdiction. The Law Guardian appointed to represent the child opposes the motion to dismiss. For the reasons which follow, this court holds and determines that respondent’s motion to dismiss should be denied.
The essential facts are not in dispute. The parties were married July 5, 1979, in Duanesburg, New York. Jeremy was born three days later on July 8, 1979. Ten months thereafter, the parties separated. On July 30, 1980, the parties signed a separation agreement which provides in applicable part as follows: "The Wife shall have sole custody of the child of the marriage. The child, jeremy lee l., shall reside with the Wife and all of the day-to-day decisions regarding the care and guidance of the child shall be the primary responsibility of the Wife. The parties agree to act at all times toward and in the best interests of the child and agree not to interfere with the physical custody of the child, except as mutually agreed to.”
In 1981, both petitioner father and respondent mother entered the Armed Services of the United States. The child resided in Schoharie County with the maternal grandparents, Richard and Barbara H., who were appointed general guardians of the child by the Surrogate’s Court, Schoharie County, on January 22, 1982, upon the written acknowledged consents of both parents. Both parents remained in the military service and were stationed outside the State of New York.
The parties’ judgment of divorce dated July 21, 1984, in Supreme Court, Schoharie County, provides that the separation agreement dated July 30, 1980 "shall survive and not be merged in this Judgment”. The divorce decree further provides that in the event any dispute should arise concerning custody, either party may apply to the Schoharie County *456 Family Court for whatever relief is deemed necessary at that time.
The child resided continuously with the maternal grandparents from January 1982 until Christmas 1985. Petitioner father was then stationed in England on active duty with the United States Air Force. Respondent mother was then stationed in Fort Rucker, Alabama, on active duty with the United States Army. Both parties have remarried.
Shortly after Christmas 1985, respondent mother took the child with her to Fort Rucker, Alabama, and enrolled him in school. The petitioner father filed this petition for custody on or about February 28, 1986.
THE LAW
The Federal "Parental Kidnaping Prevention Act of 1980” (PKPA) (28 USC § 1738A) provides in applicable part as follows:
"(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
"(b) As used in this section, the term * * *
"(3) 'custody determination’ means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications;
"(4) 'home State’ means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months * * *
"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met:
"(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant *457 or for other reasons, and a contestant continues to live in such State;
"(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships * * *
"(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant(28 USC § 1738A; emphasis supplied.)
The New York "Uniform Child Custody Jurisdiction Act” (UCCJA) found in Domestic Relations Law article 5-A provides in applicable part as follows:
"The general purposes of this article are to * * *
"(c) assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have closer connection with another state” (Domestic Relations Law § 75-b [1] [c]).
"This article shall be construed to promote the general purposes stated in this section * * *
" 'Home state’ means the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as parent, for at least six consecutive months” (Domestic Relations Law § 75-c [5]; emphasis supplied).
"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when:
"(a) this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child’s home state within six months before commencement of such proceeding and the child is absent from this state be *458 cause of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
"(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection within this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships * * *
"(d) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), [or] (b) * * * and (ii) it is in the best interest of the child that this court assume jurisdiction.” (Domestic Relations Law § 75-d [1]; emphasis supplied.)
CONCLUSIONS OF LAW
To the extent the requirements and/or procedures of the Federal PKPA and the New York UCCJA do not directly conflict with one another or the application of the UCCJA would not be inconsistent with the purposes and policies of the Federal act, the two statutes should be read in the aggregate. However, under the supremacy clause of the United States Constitution, the Federal act clearly preempts otherwise applicable State law in cases of direct conflict.
The respondent mother essentially argues in her motion to dismiss that petitioner father as a member of the United States Armed Forces does not continue to live or reside in New York State. This court declines to so construe the statutes such that a member of the United States Armed Services has no home State status or protection whatsoever under the PKPA or UCCJA. This court determines and holds that petitioner father absent from New York State on military assignment outside this country does continue to live and reside in New York State within the meaning of the PKPA and UCCJA.
Also, under the UCCJA (Domestic Relations Law § 75-d), this court determines that the maternal grandparents are "persons acting as parents” who continued to reside in New York State in February 1986 when the custody proceeding was commenced. Thus, New York clearly has jurisdiction under Domestic Relations Law § 75-d (1) (a) (ii).
Furthermore, since the child until December 1985 had lived *459 his entire life in New York State, and the Schoharie County Surrogate’s Court on January 22, 1982 — in granting letters of general guardianship — made a child custody determination consistently with the provisions of the PKPA and UCCJA, the PKPA clearly continues the jurisdiction of the courts of New York which have made a custody determination and "such State remains the residence of the child or of any contestant. ” (28 USC § 1738A [d]; emphasis supplied.) The PKPA thus protects the right of a decree State to exercise continuing jurisdiction and manifests a strong congressional intent to channel custody litigation into a court having continuing jurisdiction. The New York judgment of divorce granted July 21, 1984, when both parties were in the military service, also contains a custody determination as between the father and mother.
Even if the PKPA (28 USC § 1738A [c] [2] [A]) and the UCCJA (Domestic Relations Law § 75-d [1] [a]) were construed to deny members of the Armed Forces of the United States residence status thereby rendering them second-class citizens who have to follow their children wherever they happen to end up, New York State is clearly the only State which has jurisdiction under 28 USC § 1738A (c) (2) (B) and Domestic Relations Law § 75-d (1) (b) and (d). As of February 1986, no other State had home State jurisdiction, the child had lived in New York State for all but two months of his life, and nearly all evidence concerning the child’s present or future care exists within New York State and the best interests of the child require that New York State assume jurisdiction. As of February 1986, no other State including Alabama would have any jurisdiction whatsoever to make a custody determination consistent with the PKPA and UCCJA because no other State was at that point the child’s "home State”. Since the child had lived its entire life in New York State (except for Jan. and Feb. 1986) when the action was commenced, and since in February 1986 there was certainly available in this State substantial evidence concerning the child’s present or future care, protection, training and personal relationships, New York State in February 1986 is the only State which could properly exercise jurisdiction to make a modification decree concerning the custody of this child.
Accordingly, the respondent mother’s motion that the petition be dismissed is hereby denied.