■ In the Matter of CAROL A. TANNOYA, Appellant, v ROLANDO TANNOYA, Respondent.—In a proceeding pursuant to Domestic Relations Law article 5-A and Family Court Act § 651, to determine the custody of four children, the petitioner appeals from an order of the Family Court, Suffolk County (Doyle, J.), entered September 10, 1985, which granted the respondent's motion pursuant to Domestic Relations Law § 75-h to dismiss the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The parties were married in 1972 and subsequently separated in June 1984 when the petitioner left the parties' Florida marital residence and returned to New York with 1 of

the 4 minor children of the marriage. Shortly thereafter, in October 1984, the petitioner returned to Florida and removed the remaining three children from the respondent's custody without his consent, taking them with her to New York. In February 1985, the respondent appeared in New York, and, without the petitioner's consent, removed three of the children from her custody to Colorado, where they have resided continuously since. In May 1985, the petitioner commenced this custody proceeding in the Family Court, Suffolk County. Within days thereafter, the respondent commenced an action for divorce and custody of the children in Colorado. By notice dated July 8, 1985, the respondent father moved for an order pursuant to Domestic Relations Law § 75-h dismissing the petition on the ground that the Family Court, Suffolk County, was an inconvenient forum in which to litigate the instant custody dispute. The Family Court granted the respondent's motion. We affirm.

Initially, we note that inasmuch as both parties have engaged in self-help with respect to the custody of the children, we decline to penalize either therefor but rather, will consider the relevant statutory criteria (see, Domestic Relations Law § 75-h) and the best interests of the children in reaching our determination (cf., Domestic Relations Law § 75-i; *Matter of Massey v Massey,* 89 AD2d 566, 567; *Hays v Hays,* 117 Misc 2d 541, 544).

While at the time the respondent's motion was made neither jurisdiction possessed optimum contacts with the children in light of the relatively short duration of their presence in each State, we conclude that the best interests of the children would be served if Colorado—which possesses a closer connection with 3 of the parties' 4 children than does New York—assumes jurisdiction and renders a prompt, permanent determination with respect to custody (see, Domestic Relations Law § 75-h [3] [b]). In order to facilitate the petitioner's full participation in the Colorado proceeding she should, as the respondent has agreed on appeal, be permitted to interpose, without objection, an answer raising all applicable defenses to the respondent's petition. We note, moreover, that if the petitioner is lacking in funds she may move for counsel fees and other expenses pursuant to Colorado law (see, Colo Rev Stat Annot § 14-10-108 [1]).

The children have been shifted about in de facto custody arrangements long enough and a prompt, permanent resolution of this dispute is essential. Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.