■ In the Matter of EDWARD BEDDOW, Appellant, v LYNN BEDDOW, Respondent.—In a visitation proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Joseph, J.), dated December 22, 1988, which dismissed the proceeding.

Ordered that the order is affirmed, with costs.

At the time of the commencement of this visitation proceeding by the petitioner father in December 1988, Maine was the "home state" of the subject children since they had been continuously residing in that State with their mother since July 1987 (Domestic Relations Law § 75-c [5]; § 75-d [1] [a]). The father currently resides in New Jersey and has done so since 1985. While this State had jurisdiction of the original custody proceeding, its jurisdiction cannot be continued since it is no longer the residence of the children or of either of the contestants (see, 28 USC § 1738A [d]). Maine therefore has jurisdiction to determine this visitation issue and there is no evidence that it has declined to exercise jurisdiction.

This State cannot assume jurisdiction pursuant to Domestic Relations Law § 75-d (1) (b). Contrary to the father's contention, although the marital domicile was in New York and the children were born and lived in New York, a "significant connection" with this State cannot be established because a new "home state" and alternative jurisdiction has now been established in Maine (see, Domestic Relations Law § 75-d [1] [b]; 28 USC § 1738A [c] [2] [B]; US Const, art VI, § 2; Matter of Michael P. v Diana G., 156 AD2d 59).

Finally, the father's contention that New York is a more convenient forum is not sufficient to confer jurisdiction on a court of this State. Thompson, J. P., Rubin, Eiber and Miller, JJ., concur.