■ PABLO VALENTIN, JR., Respondent, v MILA T. VALENTIN, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 17, 1990, as, after a hearing, denied those branches of her motion which were to dismiss so much of the plaintiff husband's complaint as seeks custody of the parties' child, and to compel the plaintiff husband to return the child to her pending a determination of the issue of custody by a court of competent jurisdiction, and granted temporary custody of the child to the plaintiff husband.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were to dismiss so much of the plaintiff husband's complaint as seeks custody of the parties' child, and to compel him to return the child to her pending determination of the issue of custody by a court of competent jurisdiction,

are granted, and so much of the complaint as demands custody is severed and dismissed.

The record reveals that the parties' child resided in California with the defendant wife from about November 1987 to August 1988 when the child was taken to New York by the plaintiff husband. Shortly thereafter, on or about August 30, 1988, the plaintiff husband commenced the instant action for a divorce, and included a demand for custody in his complaint. The defendant wife moved to dismiss the custody demand on the ground that the court did not have subject matter jurisdiction over custody pursuant to Domestic Relations Law § 75-d. The court conducted a hearing and determined, for reasons unstated, that the New York court did have jurisdiction over the demand for custody, and granted temporary custody to the plaintiff husband. The defendant wife appeals, contending that the courts of New York did not have jurisdiction over this custody matter. We agree and reverse.

At the time of the commencement of the instant action by the plaintiff husband, the "home state" of the child was California since the child had been continuously residing in that State with her mother since November 1987 (Domestic Relations Law § 75-c [5]; § 75-d [1] [a]). New York cannot assume jurisdiction over the custody demand pursuant to Domestic Relations Law § 75-d (1) (b), since this section may not be utilized if the child has a "home state" other than New York (see, Domestic Relations Law § 75-d [1] [b]; 28 USC § 1738A [c] [2] [B]; Matter of Beddow v Beddow, 162 AD2d 598). Domestic Relations Law § 75-d (1) (c) is also inapplicable, since the record does not support the contention that the child was abandoned by her mother or that the child was abused or mistreated by the mother. As such, New York does not have jurisdiction over the custody demand. So much of the plaintiff's complaint as demands custody is severed and dismissed, and the plaintiff is directed to return the child to the mother (see, Matter of Michael P. v Diana G., 156 AD2d 59). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.