■ In the Matter of RAYMOND CROSKEY, Appellant, v BARBARA TAYLOR, Respondent.—Order, Family Court, New York County (Judith B. Sheindlin, J.), entered on or about September 27, 1991, which dismissed petitioner's custody application, unanimously affirmed, without costs.

The petition was properly dismissed for failure to allege any of the jurisdictional bases set forth in Domestic Relations Law § 75-d (1), and petitioner may not claim his own failure to supply necessary information as a ground for reversal (see, Domestic Relations Law § 75-j). Clearly, the statements made at the hearing by petitioner's attorney that the children have resided in either North or South Carolina for "years" preclude a finding that New York is the children's home State within the meaning of paragraph (a) of Domestic Relations Law § 75-d (1); no claim is made that paragraphs (c) or (d) apply; and the applicability of paragraph (b) has been substantially curtailed by Federal law preempting the area, namely, 28 USC § 1738A (c) (2) (B) precluding the exercise of jurisdiction where another State is the home State of the child (see, Farrell v Farrell, 133 AD2d 530), and thus may only be invoked where there is no home State and there has been no home State for the past six months (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 306; see also, People ex rel. Rosenberg v Rosenberg, 160 AD2d 327, 328). Finally, petitioner's reliance on Domestic Relations Law § 75-d (3), which states that "[p]hysical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody", is misplaced, since that section, of necessity, presupposes the existence of jurisdiction under subdivision (1). Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.