■ In the Matter of KENNETH W. NOLAND, Appellant, v GINA M. NOLAND, Respondent. [607 NYS2d 450] —Cardona, P. J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered March 4, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of and/or visitation with the parties' child.

The parties were married in August 1989 and have one child, Ashley (born in February 1990). The parties experienced marital difficulties and separated in April 1991 when respondent left this State and took Ashley to Indiana. Respondent obtained a default divorce against petitioner in Indiana in December 1991. The divorce judgment directed, *inter alia,* that respondent would have custody of Ashley and petitioner would have reasonable visitation and pay $50 per week in child support. It also prohibited anyone from removing Ashley from the jurisdiction of the Indiana Superior Court.

In August 1992 petitioner commenced this proceeding seeking custody of and/or visitation with Ashley. Respondent, through counsel, appeared and moved to dismiss contending that Family Court lacked subject matter jurisdiction. Family Court agreed and dismissed the petition.

Because petitioner failed to establish a jurisdictional basis under Domestic Relations Law § 75-d (1), Family Court properly dismissed this proceeding and, therefore, we must affirm. A review of the record shows that New York was not Ashley's "home state" within the meaning of Domestic Relations Law § 75-d (1) (a) and that neither Domestic Relations Law § 75-d (1) (c) nor (d) applies. Furthermore, paragraph (b) of that provision has been "substantially curtailed by Federal law preempting the area, namely, 28 USC § 1738A (c) (2) (B) [Parental Kidnaping Prevention Act] precluding the exercise

of jurisdiction where another State is the home State of the child" *(Matter of Croskey v Taylor,* 183 AD2d 680).*

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Domestic Relations Law § 75-d (1) (b) "may only be invoked where there is no home State and there has been no home State for the past six months (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 306; *see also, People ex rel. Rosenberg v Rosenberg,* 160 AD2d 327, 328)" *(Matter of Croskey v Taylor, supra,* at 680).