[621 NYS2d 817]

JAMES MAZUR, Respondent, v ROXANNE MAZUR, Defendant, and CARA L. THIBAULT, Intervenor-Appellant. (Appeal No. 1.)

Fourth Department, December 23, 1994

## APPEARANCES OF COUNSEL

*Forsyth & Forsyth,* Rochester *(George Forsyth* of counsel), for intervenor-appellant.

*Webster & Chase,* Rochester *(Terrence G. Barker* of counsel), for respondent.

*Cynthia L. Snodgrass,* North Chili, for defendant.

## OPINION OF THE COURT

BALIO, J.

These appeals raise issues concerning the interplay between

the Federal Parental Kidnaping Prevention Act (PKPA; *see*, 28 USC § 1738A) and the New York and California versions of the Uniform Child Custody Jurisdiction Act (UCCJA). Specifically, we are asked to decide whether Supreme Court, Monroe County, properly determined that California is not the home State of the child, that New York is the child's home State, and that New York is the appropriate forum for the custody determination. Further, we must decide whether the court properly awarded temporary custody of the child to the natural father without conducting an evidentiary hearing.

## I

Plaintiff and defendant are the natural parents of Zachary, who was born on January 19, 1994 at a Rochester, New York, hospital. At the time of Zachary's birth, plaintiff and defendant were physically separated. Apparently unbeknownst to plaintiff, defendant arranged for her cousin, Cara Thibault, to care for Zachary temporarily at Thibault's home in California. The day after Zachary was born, Thibault traveled by airplane to Rochester. She spent three days with the child and her family in the Rochester area and then returned with Zachary to California.

In February 1994 plaintiff commenced an action for divorce in New York. The complaint in that action did not seek custody of Zachary or of the older child of the marriage, Melony, who resides with defendant. In late February, Thibault instituted a proceeding in California Superior Court to adopt Zachary. At some point, plaintiff agreed that Thibault should adopt Zachary. In April, however, plaintiff informed defendant's attorney and the California social services agency that he had changed his mind and had decided that Zachary should be returned to New York so that he could be raised in the Rochester area with his sister. On May 21, 1994, plaintiff moved before Supreme Court, Monroe County, for an order directing that Zachary be returned to New York, that any proceeding in California affecting custody of Zachary be stayed and that custody of Zachary be awarded to plaintiff. Defendant mother opposed that motion, stating that the California adoption proceeding was not being pursued and requesting that she be awarded custody of Zachary. The court granted temporary custody of Zachary to plaintiff and directed that the child be surrendered in California to plaintiff for the purpose of returning him to New York.

Thibault, who had been served with a copy of the motion papers but did not appear in opposition to the motion, moved by order to show cause before Supreme Court, Monroe County, for an order directing that she be joined as a necessary party and accorded the opportunity to be heard and that the court decline jurisdiction of the custody dispute and vacate the prior custody order upon the grounds that California is the home State of Zachary and the proper forum for any custody determination. Pending resolution of that motion, Thibault asked for a stay of enforcement of the prior order directing that Zachary be surrendered to the custody of plaintiff. Thibault, simultaneously with moving by order to show cause in New York, commenced a proceeding in California Superior Court seeking guardianship of Zachary.

The New York court directed that Thibault be joined as a necessary party and be accorded the opportunity to be heard. It denied, however, her request that the court decline jurisdiction and vacate the prior order awarding temporary custody to plaintiff. Thibault now appeals from that initial order, from that portion of the order to show cause that denied a stay of enforcement of the initial order, and from the subsequent order that refused to decline jurisdiction or to vacate the initial order. Defendant has not appealed from any of those orders.

## II

■ The appeal from that portion of the order to show cause denying a stay should be dismissed. No appeal lies from an ex parte order *(see,* CPLR 5701 [a] [2]; *Katz v Katz,* 68 AD2d 536, 541). Moreover, because Thibault sought a stay until the court resolved her motion and the court has resolved the motion, that order is moot.

## III

■ The order awarding temporary custody to plaintiff without conducting an evidentiary hearing should be affirmed. The general rule is that a court should not change the custody of children from one parent to another even on a temporary basis without conducting an evidentiary hearing *(see, Van Etten v Van Etten,* 207 AD2d 992; *Tacconi v Tacconi,* 197 AD2d 929). This is not a case, however, where a parent seeks to change custody from one parent to another. Because the natural

mother has not appealed, the dispute here is between the natural father and Thibault, a nonparent. Absent a surrender, abandonment, persistent neglect or similar extraordinary circumstance, the natural parent has a right superior to that of all others to the care and custody of the child unless it is demonstrated that the parent is unfit *(Matter of Male Infant L.,* 61 NY2d 420, 426-427; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544). No such demonstration was made in opposition to plaintiff's initial application, and the court properly awarded temporary custody to plaintiff without conducting a hearing.

## IV

■ The court properly determined that California was not the home State of the child. Zachary was less than six months of age when plaintiff commenced this custody proceeding. New York's version of the UCCJA provides that, where the child is less than six months old, "home state means the state in which the child has resided with [his parents, a parent, or a person acting as parent] for a majority of the time since birth" (Domestic Relations Law § 75-c [5]). Thibault contends that she is a "person acting as parent." We disagree.

A "person acting as parent" is someone other than a parent "who has physical custody of a child and who has either been awarded custody by a court or claims a right to custody" (Domestic Relations Law § 75-c [9]; *see also,* 28 USC § 1738A [b] [6]; Cal Fam Code § 3402 [i]). Although Thibault was physical custodian of Zachary for a majority of the time since his birth, she was not awarded custody by a court and she has no claim of right to custody *(see, e.g., Matter of Mark L. v Jennifer S.,* 133 Misc 2d 454 [where maternal grandparents had custody pursuant to general letters of guardianship]). The fact that a parent confers temporary custody of the child upon a nonparent does not give rise to a colorable claim of right to custody *(see, Matter of Campney v Ayala,* 115 Misc 2d 381; *see also, Rogers v Platt,* 199 Cal App 3d 1204, 245 Cal Rptr 532). We conclude that any colorable claim of right to custody that Thibault had ceased when plaintiff demanded custody and that the child be returned to New York *(see, Matter of Campney v Ayala, supra; Rogers v Platt, supra).*

Because Zachary did not reside with a "person acting as parent" for a majority of the time from birth until commencement of the custody proceeding, the court properly determined

that California was not the home State of the child (see, Domestic Relations Law § 75-c [5]). We note parenthetically that the same result would obtain under the PKPA or under California's version of the UCCJA. Both statutes provide that, in the case of a child less than six months of age, the home State is the State where the child has resided "from birth" (28 USC § 1738A [b] [4]; Cal Fam Code § 3402 [e]). Zachary resided in New York for four days after his birth, and thus did not reside in California "from birth".

The court erred, however, in concluding that New York was the home State of the child. Zachary did not reside in New York with a parent for the majority of the period from birth to commencement of the custody proceeding.

We conclude, nevertheless, that the court properly assumed jurisdiction pursuant to the UCCJA. Under that law, a State has jurisdiction to make a child custody determination, though not the home State of the child, where "it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships" (Domestic Relations Law § 75-d [1] [b]). Zachary's parents have continuously resided in New York for several years and continue to reside in the Rochester area. Zachary was born in New York and his sister and grandparents reside in New York. Thus, the child and his family have a significant connection with New York. Further, because plaintiff's right to custody of Zachary is superior to that of Thibault, substantial evidence pertaining to the child's future care and protection, as well as the child's familial relationships, exists within New York.

Moreover, California is an inappropriate forum to resolve this custody dispute. Thibault, at her request, has been joined as a necessary party to the New York custody proceeding. In our view, neither the PKPA nor the UCCJA contemplates that the natural parents of a child should be obligated to travel to a distant State and to incur great expense and inconvenience in order to litigate their superior right to custody against a nonparent who refuses to return the child to either of the natural parents.

Finally, we conclude that the court was not obligated to decline jurisdiction pursuant to Domestic Relations Law § 75-g (1). That section precludes a New York court from exercising

jurisdiction "if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article". Although Thibault commenced an adoption proceeding before plaintiff moved for custody, New York does not recognize an adoption proceeding as a custody proceeding *(see,* Domestic Relations Law § 75-c [3]). We recognize that, while neither the PKPA nor California's version of the UCCJA expressly includes an adoption proceeding within the definition of "custody proceeding", courts interpreting those statutes have concluded that an adoption proceeding comes within the statutory definition of a custody proceeding *(see,* 28 USC § 1738A [b] [3]; Cal Fam Code § 3402 [c]; *Adoption of Zachariah K.,* 6 Cal App 4th 1025, 8 Cal Rptr 2d 423; *Hylland v Doe,* 126 Ore App 86, 867 P2d 551, *review denied* 318 Ore 478, 871 P2d 123). There is no need to resolve the conflict between statutes, however, as defendant, in opposing plaintiff's motion for temporary custody, represented to the court that no adoption proceeding was being pursued in California. Further, commencement of the guardianship proceeding in California could not preclude New York from exercising jurisdiction because that proceeding was commenced after plaintiff moved for custody.

Accordingly, the initial order granting temporary custody of Zachary to plaintiff and directing that the child be surrendered to plaintiff and the order refusing to decline jurisdiction or to vacate that prior order should be affirmed.

DENMAN, P. J., GREEN, CALLAHAN and BOEHM, JJ., concur.

Order unanimously affirmed, without costs.