■ ROBERT P. WARSHAWSKY, Appellant, v ROWENA F. WARSHAWSKY, Respondent. [641 NYS2d 877] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated October 6, 1995, which denied his motion for temporary custody of the parties' infant son on the ground of lack of subject matter jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an immediate *de novo* hearing and determination with respect to the plaintiff's motion for temporary custody of the parties' infant son.

The plaintiff husband and the defendant wife were married in New York in 1985, and continued to reside together in New York until 1988. In 1988, the defendant enlisted in the US Army, and was eventually stationed in New Jersey. The plaintiff remained in New York and visited with the defendant on weekends. The parties' only child, Justin, was born in New Jersey in April 1992. Until September 1993 Justin resided with the defendant at a military base in New Jersey, while the plaintiff visited with them several days per week. In September 1993 the defendant was transferred to South Korea. The defendant agreed, although apparently reluctantly, that Justin was to reside with the plaintiff in New York while she reported for duty in South Korea. In December 1993 the parties and Justin were reunited at a friend's house in Chicago. During this visit the defendant disappeared with Justin in the middle of the night. Several weeks later the defendant telephoned the plaintiff telling him that she had taken Justin with her to South Korea.

In January 1994 the plaintiff commenced the instant divorce action and moved for temporary custody of Justin. In the interim, the defendant's tour of duty in South Korea ended, and the plaintiff discovered that the defendant was stationed in Texas as of October 1994. The Supreme Court denied the plaintiff's motion for temporary custody, holding that New York did not have subject matter jurisdiction to make a child custody determination, pursuant to the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) (Domestic Relations Law § 75-a *et seq.*), as limited by the Federal Parental Kidnaping Prevention Act (hereinafter PKPA) (28 USC § 1738A).

We disagree with the Supreme Court's determination.

Domestic Relations Law § 75-d provides, insofar as is relevant herein, that New York can exercise jurisdiction to make a child custody determination if it is the child's "home state" (Domestic Relations Law § 75-d [1] [a]; § 75-c [5]). Domestic Relations Law § 75-c (5) defines "home state" as: "the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as parent, for at least six consecutive months". The Supreme Court correctly held that New York does not satisfy this definition since the instant action was commenced in January 1994 and Justin only resided in New York from September 1993 through December 1993, a period of four months.

Nevertheless, New York can also exercise jurisdiction to make a child custody determination pursuant to Domestic Relations Law § 75-d (1) (b), when: "it is in the best interests of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships".

Pursuant to the PKPA, jurisdiction to make a child custody determination pursuant to Domestic Relations Law § 75-d (1) (b) can only be exercised where no State satisfies the "home state" analysis (*see,* 28 USC § 1738A [c] [2] [B]; *Matter of Noland v Noland,* 200 AD2d 922; *Matter of Croskey v Taylor,* 183 AD2d 680; *Matter of Michael P. v Diana G.,* 156 AD2d 59). The Supreme Court assumed, and properly so, that no other "home state" existed on the facts presented (*see,* NJSA 2A:34-28; 34-31 [a] [1]; Domestic Relations Law § 75-c [10]). However, in our view, it erred in holding that the requirements of Domestic Relations Law § 75-d (1) (b) were not satisfied in this case.

Furthermore, there are no other considerations (*e.g.,* forum non conveniens [*see,* Domestic Relations Law § 75-h], wrongful conduct on the part of the plaintiff [*see,* Domestic Relations Law § 75-i], or a pending custody petition in another State [*see,* Domestic Relations Law § 75-g]), which would require New York to refrain from exercising subject matter jurisdiction to make a child custody determination in this divorce action (*see, Vanneck v Vanneck,* 49 NY2d 602).

We also note that the Supreme court erred, when, in dicta, it characterized the plaintiff's motion as one seeking "changing custody to the plaintiff-father".

In view of our holding that New York has subject matter jurisdiction to make a child custody determination in this action pursuant to Domestic Relations Law § 75-d (1) (b), the order appealed from must be reversed and the matter remitted to the Supreme Court for a *de novo* hearing and determination on the plaintiff's motion for temporary custody, and ultimately on the issue of permanent custody, of the parties' infant son. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.