■ In the Matter of PAOLO SPEDICATO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and WYDHAM REALTY MANAGEMENT et al., Appellants. [660 NYS2d 970] —Appeal from order and judgment (one paper), Supreme Court, New York County (Emily Goodman, J.), entered February 1, 1996, (1) granting on default petitioner tenant's application, pursuant to CPLR article 78, to annul respondent Division of Housing and Community Renewal's (DHCR) determination, which (a) granted respondent landlord's petition for administrative review, (b) dismissed the tenant's fair market rent appeal as untimely, and (c) revoked a prior DHCR order dated March 19, 1986, as modified by DHCR order dated October 22, 1992, which, after a hearing, determined that the tenant's fair market rent appeal was timely, and (2) permanently enjoining the landlord from collecting the claimed arrears held in escrow, unanimously dismissed, without costs.

Appeal from ex parte order, same court and Justice, entered on or about March 26, 1996, which denied the landlord's application that it be relieved from the default judgment entered February 1, 1996 pending determination of its motion to have it vacated, unanimously dismissed, without costs.

Appeal from order, same court and Justice, entered October 4, 1996, which granted the landlord's motion to vacate its default in answering the proceeding but refused to vacate the default judgment entered February 1, 1996 pending a determination on the merits, unanimously dismissed, without costs.

The appeal from the judgment entered February 1, 1996 is dismissed because no appeal lies from an order made upon the default of an aggrieved party (CPLR 5511).

The appeal from the portion of the ex parte order to show cause dated March 26, 1996 which denied the landlord's application to vacate the judgment entered February 1, 1996 is dismissed because no appeal lies from the denial of an ex parte order or a portion thereof (CPLR 5701 [a] [2]; *Mazur v Mazur*, 207 AD2d 61, 64, *lv denied* 85 NY2d 803).

The appeal from the order entered October 4, 1996 is dismissed because taken from a nonfinal intermediate order in an article 78 proceeding, from which no appeal lies as of right (CPLR 5701 [b] [1]; *People ex rel. Afrika v Russi*, 204 AD2d 1062, *appeal dismissed* 84 NY2d 821). We would note that the practical effect of the motion court's denial of the request to vacate the judgment of February 1, 1996 was to convert the permanent injunction therein against collection of arrears to a preliminary injunction, prudently maintaining a long-term status quo pending a determination on the merits. Concur— Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.