OPINION OF THE COURT
Andrew P. Bivona, J.
This is an application by the respondent to dismiss the pending custody petition for lack of jurisdiction. The application was brought on by way of notice of motion returnable on the 20th day of August 1997. The petitioner filed a reply and affirmation in opposition dated August 14, 1997, received by the court on August 18, 1997. On the return date counsel for the movant, the petitioner and petitioner’s counsel appeared. In reaching its decision, the court has reviewed the moving papers, the answering papers, the reply, and the contents of the court’s file.
There is no dispute as to the facts of the underlying motion. The parties never married and are the parents of Candice R. Rivera, born January 11, 1994, in Bronx, New York. Respondent lived in New York and worked for the Federal Bureau of Investigation in the New York Field Division until she was transferred to the Miami Field Division on July 11, 1994. In July 1994, the parties entered into a written agreement wherein they agreed that for the first few years, the petitioner would visit with the child at her mother’s residence.
In September 1996, movant received an overseas assignment in the Republic of Panama where she currently resides with the child. In her moving papers movant specifically states that her assignment does not afford her resident or domiciliary status in Panama.
In 1996, movant commenced a support proceeding in the State of Florida pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) and the matter was heard in this court by a Hearing Examiner. The instant petitioner admitted paternity and orders of paternity and support were entered in this court on September 11, 1996.
On November 20, 1996, the petitioner filed a petition for visitation in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida Family Court. That matter was subsequently dismissed for lack of service.
*257 On March 3, 1997, the petitioner filed a petition for custody in this court. This court dismissed the petition because the court believed at that time the State of Florida was still the child’s home State.
On July 2, 1997, the petitioner commenced the instant action for custody. On the ex parte application and after hearing argument by counsel, the court concluded that under both the Uniform Child Custody Jurisdiction Act, hereinafter referred to as the UCCJA Domestic Relations Law § 75-d [1] [b], [d]), and the Parental Kidnaping Prevention Act, hereinafter referred to as the PKPA (28 USC § 1738A [c] [2] [B], D]), this court should assume jurisdiction over this matter as no other court had ever made a determination as to custody and visitation and it appeared that the child no longer had a "home State” under either the UCCJA or the PKPA.
In support of her motion to dismiss, movant claims that Florida is the child’s home State because, in connection with her absence from the United States due to her employment, she has designated the State of Florida as her legal residence even though she has not resided there for one year.
Although there is a substantial body of case law which addresses the issue of jurisdiction when a child has moved from State to State without remaining in any one State for a six-month period and case law under the Hague Convention when one of the parents is a citizen of another country, this matter appears to be a case of first impression as the child resides in another country but is subject to the laws of the United States.
The PKPA defines the child’s "home State” as: "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons. Periods of temporary absence of any such persons are counted as part of the six-month or other period” (28 USC § 1738A [b] [4]).
The UCCJA defines the child’s "home State” as: "the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as parent, for at least six consecutive months” Domestic Relations Law § 75-c [5]).
It is apparent that the child does not have a "home State” for the purposes of either the UCCJA or the PKPA as she is not currently living in any State and has not lived in any State *258 for the past six months. The PKPA anticipates situations in which there may not be a home State as it also provides:
"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met * * *
"(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships * * *
"(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction” (28 USC § 1738A [c] [1], [2] [B], [D]).
The first requirement that the court have jurisdiction under its own laws is satisfied as this court has jurisdiction pursuant to Domestic Relations Law § 75-d which provides in relevant part:
"1. A court of this state which is competent to'decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when * * *
"(d) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b), or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.” (Domestic Relations Law § 75-d [1] [d].)
It is clear at this point that New York is the only State which can exercise jurisdiction pursuant to section 75-d (1) (d) (i), in that it is apparent that no other State would have jurisdiction, including the State of Florida, under either the UCCJA or the PKPA.
When a child has moved from State to State without remaining in any one State for six months the courts apply the "sig *259 nificant interests” test as set forth above (Sandra M. v Jeremy M., 197 W Va 542, 476 SE2d 213 [1996]; Guardianship of Gabriel W., 666 A2d 505 [Me 1995]).
In a somewhat analogous situation, where the father moved to modify a New York order but neither the parties nor the children resided in New York at the time of the application, it was determined that New York did not have jurisdiction (Matter of Beddow v Beddow, 162 AD2d 598 [2d Dept 1990]). In that case even though there had been a New York custody order, the fact that New York was no longer the home State of either of the parties or the children deprived New York of jurisdiction over the matter. The same reasoning would apply to the State of Florida where there has never even been a custody order.
It certainly appears to be in the best interests of the child for this court to take jurisdiction of the matter so that a determination as to custody and visitation can be made. It is beyond cavil that the child should know both her mother and her father and have a relationship with each parent. Also, it cannot be said that the child does not have connections with this State as she was born in New York State and resided here for the first six months of her life. Her father has continuously resided in New York State. Paternity was adjudicated in this State and the petitioner pays support in this State.
However, the bottom line is that there is no other court which would have jurisdiction as the child does not have a "home State” under the UCCJA or the PKPA despite the movant’s statement that she is still a legal resident of the State of Florida. The child simply is not physically present in the State of Florida and it is the physical presence of the child which confers the jurisdiction under the PKPA and not the selection of a legal residence. This is not true under the UC-CJA wherein it is specifically stated that "Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.” (Domestic Relations Law § 75-d [3].)
This determination is not contrary to the result reached in Matter of Mark L. v Jennifer S. (133 Misc 2d 454 [Fam Ct, Schoharie County]). There, the parties were married in New York, the child was born in New York, and they entered into a separation agreement in New York. Both parents were in the military and resided outside of the State of New York. The maternal grandparents had guardianship of the child through the Schoharie County Surrogate Court and resided in New York. The separation agreement provided if a dispute as to *260 custody arose that either party could apply to the Schoharie County Family Court. That agreement was subsequently incorporated but not merged in a Schoharie County Supreme Court judgment of divorce.
The child resided with the maternal grandparents for almost three years until Christmas 1985. At that time the mother, who was stationed in Alabama, brought the child back to Alabama with her and enrolled the child in school. At the time, the father was stationed in England. The father commenced an action for custody in the Schoharie County Family Court on February 28, 1986. The mother moved to dismiss the custody petition because the father did not reside in New York State.
The court held "that petitioner father absent from New York State on military assignment outside this country does continue to live and reside in New York State within the meaning of the PKPA and UCCJA” (Matter of Mark L. v Jennifer S., 133 Misc 2d 454, 458, supra). In that case the child lived in New York State until she was removed by her mother. The child’s home State at the time of the commencement of the action was still New York under both the PKPA and the UCCJA. The case at bar is clearly distinguishable because the child has not lived in any State in the last six months.
As there is no home State, this court is vested with jurisdiction under 28 USC § 1738A (c) (2) (D) because it has jurisdiction under New York law, it appears no other State would have jurisdiction and it is in the best interests of the child that this court assume jurisdiction.
Accordingly, the motion must be dismissed.