■ In the Matter of MAXINE MACADAM, Appellant, v STEVEN HOSMER, Respondent. [664 NYS2d 156] —Casey, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered August 7, 1996, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion to dismiss the petition on the ground of forum non conveniens.

Petitioner and respondent, who never married, are the biological parents of Jessica (born in 1986). As a result of an April 1992 order of Family Court which awarded respondent custody, Jessica went to live with respondent in New Hampshire. By this same order petitioner was given supervised visitation every eight weeks to take place in Ulster County. Petitioner was also permitted telephone visitation with Jessica once a week for no more than five minutes.

In March 1996, petitioner filed a petition alleging that respondent had violated the 1992 order with respect to visitation. One month later, alleging that a change in circumstances had occurred in that respondent was investigating the possibility of placing Jessica in foster care, petitioner commenced this proceeding seeking custody of the child. At the first appearance in court on these petitions, Family Court was informed that Jessica had recently been placed in a psychiatric hospital in New Hampshire based on concerns that she was suicidal. At the next appearance on May 10, 1996, Family Court advised the parties that it had just received orders from the Lebanon District Court in New Hampshire, dated May 3 and 6, 1996, placing Jessica in the custody of the New Hampshire Division of Children and Youth Services for placement in foster care based on a finding of risk to the child. Family Court thereafter granted respondent's motion to dismiss on the ground of forum non conveniens, prompting this appeal by petitioner.

Although under the Parental Kidnaping Protection Act (28 USC § 1738A) "[t]he jurisdiction of a court of a State which has made a child custody determination * * * continues" (28 USC § 1738A [d]), it does so only if that court has jurisdiction under its own law (28 USC § 1738A [c] [1]; [d]). Consequently, our inquiry begins with whether any of the requirements set forth in Domestic Relations Law § 75-d have been met which would give Family Court jurisdiction to make a custody determination under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a et seq.) (hereinafter UCCJA) (see, Matter of Swain v Vogt, 206 AD2d 703, 705). We find that no jurisdictional requirement has been met. Specifically, New York is not Jessica's home state as she has resided in New Hampshire with respondent since April 1992 (see, Domestic Relations Law § 75-d [1] [a]). Moreover, Jessica was not physically present in this State at the time of the proceeding (see, Domestic Relations Law § 75-d [1] [c]; [2]). Finally, jurisdiction cannot be exercised pursuant to Domestic Relations Law § 75-d (1) (b) as this section has been effectively preempted by 28 USC § 1738A (c) (2) (B), which precludes " 'the exercise of jurisdiction where another State is the home State of the child' " (Matter of Noland v Noland, 200 AD2d 922, 923, quoting Matter of Croskey v Taylor, 183 AD2d 680; see, Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 306).

Even if a jurisdictional predicate exists in New York under Domestic Relations Law § 75-d, the inquiry still remains whether this State should exercise that jurisdiction, for a court

having jurisdiction under the UCCJA may be precluded from exercising or may decline to exercise that jurisdiction for the reasons set forth in Domestic Relations Law §§ 75-g, 75-h or 75-i (*see, Matter of Smith v Smith*, 226 AD2d 1095, 1096; *Evans v Evans*, 208 AD2d 223, 229; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 302). Domestic Relations Law § 75-g is inapplicable here for, although Jessica and respondent were involved in some type of child protective proceeding in New Hampshire, no custody proceeding was pending in that State. Nor is Domestic Relations Law § 75-i applicable to the facts of this case.

With respect to Domestic Relations Law § 75-h, there are five factors that may be considered in determining whether New York is an inconvenient forum and another State is a more appropriate forum (*see*, Domestic Relations Law § 75-h [3]). As previously noted, New Hampshire is Jessica's home State. Furthermore, substantial evidence exists that Jessica's "present or future care, protection, training, and personal relationships is more readily available" in New Hampshire (Domestic Relations Law § 75-h [3] [c]) and New Hampshire has a closer connection to Jessica (*see*, Domestic Relations Law § 75-h [3] [b]). The record indicates that Jessica has been in some type of therapy since moving to New Hampshire in 1992. While petitioner's circumstances are important to the question of custody, all of the relevant information concerning Jessica's present social adjustment and therapeutic needs would be provided by witnesses from New Hampshire. Consequently, in analyzing these factors, not all of which need to be considered pursuant to the language of the statute, we agree with Family Court that it is an inconvenient forum to make a custody determination in this case.

We have considered petitioner's remaining contentions and reject them as lacking in merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.