■ In the Matter of KELLIE BLEND, Appellant, v RICHARD D. JONES, Respondent. [670 NYS2d 249] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered November 28, 1995, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion to dismiss the petition for lack of jurisdiction.

The parties are the parents of one child who was born in Florida in August 1982 and has resided there ever since. In March 1995, petitioner, a resident of New York since 1984, commenced this proceeding seeking custody of the child alleging that respondent was an alcoholic drug dealer who physically abused the child.* Although Family Court initially awarded temporary custody to petitioner pursuant to Domestic Relations Law § 75-d (1) (c) (ii), it thereafter, upon respondent's motion to dismiss, concluded that it did not have jurisdiction over the matter and dismissed the petition. Petitioner appeals.

Family Court's determination that it lacked jurisdiction was in all respects proper. Relying on Domestic Relations Law § 75-d (1) (c) (ii)—jurisdiction necessitated by an emergency to protect the child—petitioner claims that the court erred in dismissing her petition. The plain language of this statutory provision, however, requires the child's physical presence in this State as a prerequisite to jurisdiction (*see, Matter of Mac-*

---

* Apparently, no formal custody proceeding had ever been commenced by either party with respect to their son, who is now 15 years old, prior to this petition.

*Adam v Hosmer*, 244 AD2d 665, 666, *lv denied* 91 NY2d 806).
It is undisputed that the child has resided in Florida his entire
life and was not physically present in this State when the
proceeding was commenced (*see, id.*). Moreover, contrary to
petitioner's contentions, Domestic Relations Law § 75-d (3)
does not eliminate the physical presence requirement of Do-
mestic Relations Law § 75-d (1) (c) (ii) (*see*, Governor's Mem,
1977 McKinney's Session Laws of NY, at 2514 [physical pres-
ence of the child is not a prerequisite for an exercise of juris-
diction "except in emergency situations where the child has
been abandoned or abused or otherwise neglected"]; *see also*,
Sobie, Practice Commentaries, McKinney's Cons Laws of NY,
Book 14, Domestic Relations Law § 75-d, at 304, 308 [child's
presence in the State is a prerequisite for emergency
jurisdiction]).

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur.
Ordered that the order is affirmed, without costs.