ALANA C. MCDANIEL, Appellant, v MICHAEL M. MCDANIEL, Respondent. [693 NYS2d 778] —Order unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this action for divorce, plaintiff appeals from an order in which Supreme Court, upon considering the provisions of the Uniform Child Custody Jurisdiction Act ([UCCJA] Domestic Relations Law art 5-A), declined to exercise jurisdiction over the issue of custody of the parties' child, Leon.

The parties met in 1991 in New York City, where both were living. At the time, plaintiff was pursuing a career as an actress while defendant, who is licensed to practice law in New York, was employed by a Manhattan law firm. The parties married in April 1995 in Little Rock, Arkansas. After the wedding, the couple moved to Dubai, United Arab Emirates (U.A.E.), where defendant had been living and working for the law firm since August 1994. The parties separated for a time in October 1995, with defendant remaining in Dubai and plaintiff relocating to the Rochester area. Plaintiff rejoined defendant in Dubai in April or May 1996. Leon was born in August 1996 in the U.A.E. For approximately the next two years, the family lived in the

U.A.E. In June 1998 plaintiff left Dubai with Leon and relocated to Rochester, where she commenced this action for divorce.

We conclude that New York has jurisdiction over the custody dispute pursuant to Domestic Relations Law § 75-d (1) (d). That statute provides that a New York court has jurisdiction when "it appears that no other state would have jurisdiction under [the statute] * * * and * * * it is in the best interest of the child that [the] court assume jurisdiction" (Domestic Relations Law § 75-d [1] [d]; *see, Matter of Rivera v Santiago*, 174 Misc 2d 255, 257-258). Because Leon lived abroad within the six months prior to commencement of this action, there is no "home State" to which the New York court should defer (*see, Warshawsky v Warshawsky*, 226 AD2d 708, 709; *Matter of Rivera v Santiago, supra*, at 258-259). Likewise, there appears to be "no other State" that would have jurisdiction under the UCCJA. Under the UCCJA, a foreign nation is not a "State" and can never be deemed the child's "Home state" (Domestic Relations Law § 75-c [5], [10]). Although Domestic Relations Law § 75-w provides that the "general policies" of the UCCJA "extend to the international area", the decisions uniformly hold that the courts of New York are not required to apply the jurisdictional provisions of the UCCJA in international disputes and need not defer to the courts of a foreign nation (*see, Kosmicki v Salzer*, 252 AD2d 972, 973; *Matter of Massey v Massey*, 89 AD2d 566, 567; *Matter of Rivera v Santiago, supra*, at 256-257; *Koons v Koons*, 161 Misc 2d 842, 847; *Klien v Klien*, 141 Misc 2d 174, 179; *Matter of Mark L. v Jennifer S.*, 133 Misc 2d 454, 459; *see also, Matter of Lotte U. v Leo U.*, 128 Misc 2d 896, 897; *see generally*, Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-w, at 363). Moreover, although principles of international comity are important under the UCCJA, New York should defer only to those foreign nations whose "legal institutions [are] similar in nature" to our own (Domestic Relations Law § 75-w), and whose regard for the rule of law and due process parallels that of American courts (*see, Zwerling v Zwerling*, 167 Misc 2d 782, 790; *Matter of L. H. v Youth Welfare Off.*, 150 Misc 2d 490, 495-496; *Matter of Lotte U. v Leo U., supra*, at 897-898).

Further, "it is in the best interest of the child that [the New York court] assume jurisdiction" (Domestic Relations Law § 75-d [1] [d] [ii]). Plaintiff lived in New York prior to the marriage and for a period of several months afterwards. Defendant lived in New York until temporarily transferred to the U.A.E. by his

New York employer. Given that the parties, following the marriage, intended to reside in the U.A.E. only temporarily, they remained domiciliaries of New York (*cf., Matter of Mark L. v Jennifer S., supra*, at 455). Of any American jurisdiction, New York has the most significant contacts with the case and the " 'optimum access to relevant evidence' " (*Vanneck v Vanneck*, 49 NY2d 602, 610).

We are further influenced in our decision by the fact that New York was the residence of plaintiff and Leon at the time of commencement of this action and has continued to be their residence in the year since its commencement. At this point, New York would be Leon's "Home state" (Domestic Relations Law § 75-c [5]; § 75-d [1] [d]). We thus conclude that it is in the best interest of Leon for New York to assume jurisdiction of the matter. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Matrimonial.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.