■ In the Matter of PAOLO SPEDICATO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and WYNDHAM REALTY MANAGEMENT et al., Appellants. [703 NYS2d 118] —Order, Supreme Court, New York County (Emily Goodman, J.), entered May 4, 1998, which, in a proceeding by petitioner tenant to annul respondent Division of Housing and Community Renewal's (DHCR) determination that his fair market rent appeal application was not timely instituted, denied respondent-appellant landlord's motion to restore the proceeding to the calendar for a final determination on the merits, unanimously affirmed, without costs.

The motion to restore was properly denied, the IAS Court

clarifying that its prior order entered October 4, 1996 (see, 241 AD2d 343) was in fact a final decision annulling DHCR's determination on the merits. The parties concur that this clarification constitutes an appealable judgment, and we deem it such. The IAS Court properly retained the proceeding since the DHCR determination that the tenant challenged, namely, that he did not institute his fair market rent appeal in timely fashion, was not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]). Rather, the determination, which was made on the landlord's petition for administrative review (PAR) from a District Rent Administrator decision in the tenant's favor that was based on the tenant's credibility at a hearing held before a Administrative Law Judge (ALJ), was solely the result of the Commissioner's *sua sponte* reliance on evidence of which the parties had no notice nor opportunity to be heard. That evidence was of postage rates supplied by an unknown source at the "United States Postal Service" that, the Commissioner said, indicated that the certified envelope the tenant admittedly received must have contained, as the landlord claimed, the one-page DC-2 form that marked the tenant's time for bringing a fair market rent appeal, and not, as the tenant claimed, his 13-page lease. Not only was this evidence unsourced and never seen by the parties before its use by the Commissioner, but, based on the Postage Rate Manual that the tenant submitted in the CPLR article 78 proceeding, it also appears to have been incorrect. Nor is there occasion to consider whether testimony at the hearing as to landlord's mailing procedures raised a presumption of receipt. Even if such a presumption were in the case, there is, in view of the tenant's subsequently submitted evidence of postage rates, no reason to reject the ALJ's credibility finding that the certified envelope that the tenant admittedly received contained his lease, not a DC-2 notice. In any event, substantial evidence supports the ALJ's finding that if an office procedure was in place for the mailing of DC-2 notices, it was not followed in this case, and thus no presumption of receipt was raised, where the landlord's copy of the DC-2 notice was inexplicably dated 11 days before its supposed delivery when, according to office policy, it was to have been sent out for mailing immediately after it was prepared. We have considered the landlord's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.