■ ALLYN R. CHARPENTIER, Appellant, v KATHLEEN CHARPENTIER, Respondent. KATHLEEN CHARPENTIER, Respondent, v ALLYN R. CHARPENTIER, Appellant. — In two consolidated proceedings, one brought by the father to modify a judgment of divorce to grant him custody of the parties' son, and the other brought by the mother for a writ of habeas corpus to regain physical custody of the parties' son, the father appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Winick, J.), entered September 23, 1983 as (1) denied his application for custody of the infant issue of the parties, (2) granted the mother's application for a writ of habeas corpus, and (3) awarded the mother counsel fees. (We treat the notice of appeal dated August 4, 1983 as a premature notice of appeal from the judgment.) Judgment reversed insofar as appealed from, on the law and the facts, with costs, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. Appellant Allyn R. Charpentier and Kathleen Charpentier were married on March 11, 1972 in Queens County, New York, and their son was born on June 9, 1973. The parties were divorced by a judgment of the Supreme Court, Queens County, dated February 15, 1977, which awarded custody of the child to the mother. In November, 1979, the mother asked the

father to take care of their son for a short period of time until she could work out certain problems at home. The boy lived with his father in New York for the next two years and nine months, or until August, 1982. On August 28, 1982, the mother took the child to California, telling the father that she was taking the child on vacation. The boy lived in California for 10 months and attended school there. He visited his father in New York during his Christmas vacation and was sent back to California. On or about July 2, 1983, the mother sent the child to New York for a month's vacation with his father. Thereafter, the father notified the mother that he would not return the child and, on July 27, 1983, commenced, by order to show cause, one of the instant proceedings to obtain legal custody. On July 28, 1983, the mother petitioned for a writ of habeas corpus. After a hearing, Special Term denied the father's application for a change of custody, on the ground that the court lacked subject matter jurisdiction, and sustained the mother's application for a writ of habeas corpus. We hold that Special Term erred in concluding that it lacked subject matter jurisdiction under section 75-d of the Domestic Relations Law. Although New York was not the child's home State at the commencement of the custody proceeding (see Domestic Relations Law, § 75-c, subd 5; § 75-d, subd 1, par [a]), the court should have taken jurisdiction over this matter pursuant to section 75-d (subd 1, par [b]), as the child and his parents have a significant connection with the State of New York and there is, in New York, "substantial evidence concerning the child's present or future care, protection, training and personal relationships". The parties were married in New York, the judgment dissolving the marriage and awarding custody to the mother was made in New York, the matrimonial domicile was in New York, and the child lived in New York all of his life except for his 10-month residency in California. The psychologist who saw the boy between September, 1981 and June, 1982 has his office in New York, and the child's pediatrician is in New York. In addition, the child's maternal grandparents and several of the child's friends reside in New York, and no attempt is being made to frustrate a sister State's decree (see *People ex rel. Morgan v Morgan,* 79 AD2d 1060). While there is also substantial evidence relating to the child in California, a New York court would have " 'optimum access to relevant evidence' " (see *Vanneck v Vanneck,* 49 NY2d 602, 610, quoting from Prefatory Note of Commissioners on Uniform State Laws, 9 ULA [master ed], § 3, p 124), and, therefore, Special Term erred in declining to exercise its jurisdiction. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.