■ In the Matter of SAMUEL S. HEITLER, Respondent, v ELLEN HOOSIN, Appellant.—In a proceeding pursuant to Domestic Relations Law article 5-A and Family Court Act article 6 to modify the custody provisions of a New York divorce judgment dated March 7, 1985, the wife appeals, by permission, from an order of the Family Court, Kings County (Palmer, J.), dated June 16, 1988, which denied her motion to

dismiss the proceeding and her cross motion for attorneys' fees.

Ordered that the order is modified, by (1) deleting the provision thereof which denied the wife's cross motion for attorneys' fees, and (2) deleting the provision thereof which denied the wife's motion to dismiss the proceeding and substituting therefor a provision granting the motion to the extent that the husband's petition to modify the custody provision is stayed and the Family Court is directed to communicate with the appropriate Illinois court to determine if that court will exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that in the event that the Illinois courts decline jurisdiction, either party may move in the Family Court, Kings County, to vacate the stay.

We agree with the determination by the Family Court that it has jurisdiction to modify the custody provision in the parties' New York divorce judgment pursuant to Domestic Relations Law § 75-d (1) (b) (Uniform Child Custody Jurisdiction Act [UCCJA]). The evidence establishes that the children have a significant connection to this State in that the parties were married in New York, the marital home was in New York and the children lived in New York all their lives until moving with the wife to Chicago approximately eight months before this proceeding was commenced. The husband still lives in New York, and there is evidence of this substantial connection between the children and the State of New York within the jurisdiction of the Family Court (see, e.g., Charpentier v Charpentier, 98 AD2d 740, appeal dismissed 62 NY2d 804). Nor would the exercise of jurisdiction by a New York court violate the Parental Kidnaping Prevention Act of 1980 (hereinafter PKPA; 28 USC § 1738A). Even though New York is no longer the children's home State, the PKPA permits a State to exercise continuing jurisdiction to modify its custody determinations as long as the court has jurisdiction under State law and one of the contestants resides in the State (28 USC § 1738A [c] [1]; [d]; cf., Matter of Tenenbaum v Sprecher, 133 AD2d 371).

Although New York has jurisdiction over this proceeding, we nevertheless conclude that it is in the interest of the children for this State to decline jurisdiction on the ground that Illinois is a more appropriate forum (Domestic Relations

Law § 75-h; *Singer v Singer,* 79 AD2d 680). Illinois has adopted the UCCJA and is the children's home State pursuant to that statute. Substantial evidence concerning the children's present and future care is more readily available there, as evidenced by the letters in the record from their teachers and doctor. In addition, it appears that the husband is seeking a modification of custody based primarily on allegations that the children have not been properly cared for by the wife since the move to Chicago. Evidence concerning the children's care in New York is therefore of lesser importance.

The record does not indicate that the Family Court communicated with the Illinois courts in order to assure that jurisdiction would be exercised by the more appropriate court and that a forum will be available to the parties (Domestic Relations Law § 75-h [4]). We therefore remit the matter to the Family Court, Kings County, to determine if the appropriate Illinois court will exercise jurisdiction and for entry of an order pursuant to Domestic Relations Law § 75-h (5) staying this proceeding. In the event that the Illinois courts decline to exercise jurisdiction, either party may move in the Family Court to vacate the stay.

We find that the court erred in denying the wife's application for attorneys' fees pursuant to Domestic Relations Law § 237 without a hearing on the parties' relative financial circumstances and the value of the services rendered by her attorney *(cf., Petritis v Petritis,* 131 AD2d 651; *Weinberg v Weinberg,* 95 AD2d 828). The wife submitted an affidavit in which she alleged that she was unable to afford representation and which was not controverted by any evidence submitted by the husband. Therefore the court in which this matter is eventually heard should hold a hearing to determine the issue of attorneys' fees. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.