■ SHIRLEY R. CLARK, Also Known as SHIRLEY BOREANAZ, Appellant, v HAROLD A. BOREANAZ, Respondent.—Order unanimously reversed on the law with costs, petition reinstated and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Petitioner contends that Supreme Court erred in concluding that New York was preempted from exercising jurisdiction in this custody proceeding by the Parental Kidnaping Prevention Act of 1980 (PKPA; 28 USC § 1738A). We agree. Although New York is not the child's home State, it is not preempted by PKPA from modifying its prior custody determination because one of the contestants resides in New York and New York has jurisdiction under State law *(see, Matter of Heitler v Hoosin,* 143 AD2d 1018, 1019). Because the trial court determined that New York was precluded from exercising jurisdiction by the Federal act, it did not consider whether New York had jurisdiction pursuant to Domestic Relations Law § 75-d (1) (b). The matter must therefore be remitted to Supreme Court to determine whether New York has jurisdiction under that section and, if jurisdiction is found, whether New York should decline to exercise its jurisdiction because Vermont is a more appropriate forum *(see,* Domestic Relations Law § 75-h). On remittal, the parties should be permitted to submit further evidence regarding these issues. Additionally, Supreme Court on remittal should determine petitioner's request for specified visitation. (Appeal from order of Supreme Court, Erie County, Gossel, J.—custody.) Present—Denman, J. P., Green, Pine, Lawton and Lowery, JJ.