■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLAN B. ROSENBERG, Respondent, v NYNA ROSENBERG, Appellant.— Order of the Supreme Court, New York County (Carmen B. Ciparick, J.), entered on or about October 4, 1989, which directed respondent Nyna Rosenberg to appear with her two infant children at a hearing on petitioner Allan B. Rosenberg's petition for custody pursuant to Domestic Relations Law § 75-d, is unanimously affirmed, without costs or disbursements.

The parties herein were married in California on November 8, 1987 and are the parents of two young sons, the elder of whom was the product of a prior relationship by respondent mother and has been adopted by petitioner father, Allan Rosenberg. The couple resided in Sacramento, California, until March of 1988 when the family relocated to New York City so that petitioner, a trader in United States Government securi-

ties, could accept an employment offer as president of his company's new east coast offices. In that connection, he entered into a two-year employment contract requiring his residence in New York, and he also signed a two-year lease for certain premises in Manhattan. The older child was enrolled in private elementary school for which petitioner apparently paid substantial advance tuition. However, on September 21, 1989, respondent returned to California with the children and has remained there. Petitioner thereafter obtained an order from the Supreme Court directing respondent to appear with her two infant children for a hearing on his custody petition pursuant to Domestic Relations Law § 75-d.

The basis for the Supreme Court's decision was that jurisdiction exists under Domestic Relations Law § 75-d, commonly known as the Uniform Child Custody Jurisdiction Act, for consideration of the petition. In the view of the court, the predicate for the exercise of jurisdiction in New York is subdivision (1) (b) of that section, which provides that "it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships". Yet, this ground may not be invoked as a substitute for mandated home State jurisdiction as authorized in subdivision (1) (a). Where, as is the situation herein, this State has not been the home State of the child for at least six months prior to the commencement of the custody proceeding, New York lacks the jurisdiction to hear the matter unless subdivision (1) (c) or (1) (d) is applicable. As was noted by this court in *Matter of Michael P. v Diana G.* (156 AD2d 59), the Federal Parental Kidnaping Prevention Act (28 USC § 1738A [c] [2] [B]) preempts, under the Supremacy Clause of the US Constitution, the parallel State law. Consequently, the best interest of the child alternative must be interpreted to include the Federal prerequisite of lack of home State jurisdiction as a precondition for reliance upon subdivision (1) (b). The Supreme Court was, therefore, in error in concluding from the record available to it that New York State possessed the jurisdiction to consider the instant petition.

However, subsequent to the order of the Supreme Court, the Superior Court of the State of California, County of Sacramento, in an opinion dated March 13, 1990, denied the mother's petition that California assume jurisdiction over the par-

ties and children involved in this custody dispute. The Superior Court apparently found persuasive the fact that although the family home in Sacramento has not yet been sold, Allan Rosenberg relocated to New York with the intention of making this State his permanent home for at least two years, notwithstanding his wife's reservations about the move, and that the older boy attended a private school in Manhattan while the younger child resided in New York for the larger portion of his short life. The court observed, moreover, that both children had been away from California for "almost exactly six months" when the California action was commenced and that, taking into account the totality of the circumstances, it could not reasonably be argued that either the mother or the sons any longer have a significant connection with California. In any event, the court determined, even if California does have statutory jurisdiction to rule on the custody and visitation of the Rosenberg children, which it does not, California is an inconvenient forum for resolution of these issues. While the California Superior Court seems to have misconstrued the Uniform Child Custody Jurisdiction Act in the same manner as did the New York State Supreme Court, both courts having failed to apply the home State requirement of at least six consecutive months' residence, lacking in New York, the fact remains that California has declined jurisdiction in this matter.

According to Domestic Relations Law § 75-d (1) (d), a New York court may make a custody determination when another State has declined to assume jurisdiction and it is in the best interest of the child that this State hear the case. Since California has rejected the mother's request that it exercise jurisdiction, the best interest of the parties' young children demands that New York now accept the proceeding as the dispute herein must be resolved somewhere, and New York certainly has significant connections to the matter even if it does not quite meet the definition of home State. Although the Supreme Court did not have before it the decision by the Superior Court of California, this court may take judicial notice of the ruling of a court in another jurisdiction (see, Hunter v New York, Ontario & W. R. R. Co., 116 NY 615; CPLR 4511 [a]). For us not to give recognition to the California case would merely operate to delay the determination of a custody dispute whose expeditious conclusion is essential to the best interest of the young children. Thus, based solely upon the fact that California has declined to assume jurisdiction, it is appropriate that New York now hear the proceed-

ing. Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.