■ DEBORAH CAPOBIANCO, Appellant, v VAN A. WILLIS, Re-

spondent.—In a proceeding to modify an out-of-State custody decree, the petitioner mother appeals from an order of the Family Court, Dutchess County (Bernhard, J.), dated February 6, 1989, which granted the father's motion to dismiss the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The parties to the instant proceeding were married in Kansas on May 29, 1982, and are the parents of a daughter born in Kansas on June 17, 1984. The marriage was terminated by a judgment of divorce issued by the District Court, Eighteenth Judicial District, in Sedgwick County, Kansas, in July 1987. The divorce judgment provided, *inter alia,* for joint custody of the child with the child's primary residence being with the mother and liberal visitation with the father as defined by but not limited to the provisions in the judgment. The judgment of divorce was modified by several subsequent orders of the Kansas District Court which addressed, *inter alia,* the visitation terms.

Subsequent to the divorce, in November 1987, the mother moved with the child to New York where she remarried and where she has continued to reside with the child.

In October 1988 the mother commenced this proceeding in the Family Court, Dutchess County, to modify the visitation provisions of the Kansas judgment, as amended. Prior to the return date of the petition, the father moved in Kansas to modify the custody provision of the Kansas judgment to grant him primary custody of the child. He then moved to dismiss the petition in New York on the ground that the Kansas court retained continuing jurisdiction to modify the divorce judgment and the New York Family Court should decline to exercise jurisdiction. The Family Court granted the father's motion upon its finding that although it had jurisdiction over the proceedings under the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) *(see,* Domestic Relations Law art 5-A) since New York was the "home state" of the child, it should defer to the jurisdiction of the Kansas courts because Kansas had not declined to exercise jurisdiction. The mother has appealed.

We agree with the Family Court that New York may validly claim jurisdiction as the child's home State *(see,* Domestic Relations Law § 75-c [5]; § 75-d [1] [a]). However, the Parental Kidnapping Prevention Act (hereinafter PKPA) (28 USC § 1738A *et seq.),* which preempts the UCCJA under the

Supremacy Clause of the United States Constitution *(see, Enslein v Enslein,* 112 AD2d 973; *see also, People ex rel. Rosenberg v Rosenberg,* 160 AD2d 327, 328; *Matter of Michael P. v Diana G.,* 156 AD2d 59, 65), requires the New York court to defer to the jurisdiction of the Kansas courts. Under the PKPA, the New York court may not exercise jurisdiction to modify the Kansas judgment unless the Kansas court no longer has jurisdiction or declines to exercise that jurisdiction *(see,* 28 USC § 1738A [a], [f]). The PKPA further provides that the State which issued a judgment awarding custody continues to have jurisdiction if its own laws provide for continuing jurisdiction and one of the contestants continues to reside in that State *(see,* 28 USC § 1738A [d]). Under the relevant provision of Kansas Statutes § 38-1303 (a) (1), which is identical to New York's provision of the UCCJA *(see,* Domestic Relations Law § 75-d [1] [a]), the Kansas court retained jurisdiction over modification of the father's visitation rights. There is no dispute that the father continues to reside in Kansas. Moreover, the Kansas courts have not declined to exercise jurisdiction as evidenced by the numerous orders issued modifying the divorce judgment, the pending proceeding initiated by the father to modify the custody provision of the judgment and the indication in the order appealed from that the Family Court communicated with the District Court in Kansas concerning this matter. The Family Court was therefore correct under the PKPA in deferring jurisdiction to the Kansas court and in dismissing the New York proceeding *(see, Enslein v Enslein, supra; Matter of Olivia H. v John H.,* 130 Misc 2d 756; *cf., Matter of Tenenbaum v Sprecher,* 133 AD2d 371). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.