■ In the Matter of PETER PERRI, Appellant-Respondent, v LUCY MARIAROSSI, Respondent-Appellant.—In a child visitation proceeding pursuant to Family Court Act article 6, the petitioner father appeals from (1) an order of the Family Court, Suffolk County (Freundlich, J.), dated April 13, 1989, which denied his motion for a new hearing, and (2) a dispositional order of the same court, entered April 28, 1989, which after a hearing, denied the application for visitation, and the mother cross-appeals from so much of the dispositional order entered April 28, 1989, as failed to dismiss the petition on the ground of lack of subject matter jurisdiction. The mother's notice of appeal from an order of the same court (Doyle, J.), entered February 11, 1988, which denied her motion to dismiss the proceeding for lack of subject matter jurisdiction pursuant to Domestic Relations Law § 75, is treated as a notice of appeal from the dispositional order *(see,* CPLR 5520 [c]).

Ordered that the appeal from the order dated April 13, 1989, is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order of the Family Court *(see,* Family Ct Act § 1112); and it is further,

Ordered that the dispositional order entered April 28, 1989, is reversed, on the law, without costs or disbursements, the order dated February 11, 1988, is vacated, the mother's motion to dismiss the proceeding for lack of subject matter jurisdiction is granted, and the proceeding is dismissed.

The record reveals that the parties' children resided in Florida with the mother from September 1986 until August 1987 when this visitation proceeding was commenced pursuant to CPLR 304 by the service upon the mother of the notice of petition and petition. The mother moved to dismiss the proceeding on the ground that the New York courts lacked subject matter jurisdiction over visitation pursuant to Domestic Relations Law § 75. The court determined that it could assume jurisdiction pursuant to Domestic Relations Law § 75-d (1) (b) and § 75-b (1) (e). We disagree.

At the time of the commencement of this proceeding, the "home state" of the children was Florida, since they had been continuously residing in that State with their mother for approximately 11 months (Domestic Relations Law § 75-c [5]; § 75-d [1] [a]). New York cannot assume jurisdiction over a demand for visitation pursuant to Domestic Relations Law § 75-d (1) (b), since that section may not be utilized if the children have a "home state" other than New York (see, Domestic Relations Law § 75-d [1] [b]; 28 USC § 1738A [c] [2] [b]; *Valentin v Valentin,* 167 AD2d 390; *Matter of Michael P. v Diana G.,* 156 AD2d 59, 64-65). Additionally, Domestic Relations Law § 75-b (1) (e) is inapplicable since the record does not support the contention that the mother left New York in order to avoid an adverse custody determination. Rather, she left this State to protect the children from the sometimes violent and bizarre behavior of a father diagnosed as suffering from mental illness.

Therefore, we need not reach the merits of this visitation dispute. Since the Family Court lacked subject matter jurisdiction, the petition is dismissed. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.