■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLAN B. ROSENBERG, Respondent, v NYNA ROSENBERG, Appellant.— Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 20, 1990, which, upon petitioner's habeas corpus petition, granted sole custody of the two children of the parties to petitioner, unanimously affirmed, without costs.

On September 21, 1989, without the knowledge and consent of petitioner-father, respondent-mother flew with the two children to California and initiated divorce proceedings. By writ of habeas corpus, respondent was compelled to return to New York for a hearing to determine custody. This Court has already determined that the New York County Supreme Court properly exercised jurisdiction pursuant to Domestic Relations Law § 75-d (1) (d) *(People ex rel. Rosenberg v Rosenberg,* 160 AD2d 327). Respondent now challenges the court's determination that it is in the best interests of the children that sole and exclusive custody reside with petitioner, with open, unsupervised and liberal visitation rights accorded the respondent.

Recognizing that the trial court is in the best position to evaluate the relevant factors in making a custody determination, we find no error in the trial court's award of custody to petitioner *(Eschbach v Eschbach,* 56 NY2d 167). The record reveals that the court made a thorough review of all of the relevant factors, including the extent to which each parent has contributed to the educational and emotional growth of the children, and the frequency with which the parents have attended their needs, as well as the findings of the court-appointed psychiatrist as to who is the more stable and reliable parent. We have considered the other issues raised by appellant and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.