■ MARJORIE SCHUMAKER, Formerly Known as MARJORIE S. OPPERMAN, Appellant, v CRAIG L. OPPERMAN, Respondent.— Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In December 1991, defendant petitioned in Supreme Court for sole custody of the parties' two minor children. In a judgment of divorce entered on June 17, 1986, Supreme Court granted sole custody of the children to plaintiff. In 1988, the parties stipulated in Supreme Court that they would have joint custody of the children, that the children's primary residence would be with plaintiff, who then lived in Ohio but who moved to Michigan in 1989, and that Supreme Court, Monroe County, would have continuing exclusive jurisdiction over custody. Although Michigan is the home State of the children *(see,* Domestic Relations Law § 75-c [5]), they and plaintiff lived in New York for the four months immediately before this proceeding was begun.

Because defendant has continued to reside in New York and because Supreme Court made a prior custody determination, the court had jurisdiction to entertain defendant's petition *(see,* Domestic Relations Law § 240; 28 USC § 1738A [d]; *see also, Clark v Boreanaz,* 159 AD2d 981; *Matter of Heitler v Hoosin,* 143 AD2d 1018; *see generally, Capobianco v Willis,* 171 AD2d 834; *Matter of Tenenbaum v Sprecher,* 133 AD2d 371). We conclude, however, that Supreme Court should not have summarily determined that it constituted the "convenient and proper forum" and that the courts of Michigan are not a more appropriate forum. Domestic Relations Law § 75-h (3) sets

forth the factors that the court should have considered in determining whether New York or Michigan is the more appropriate forum. The record before us is insufficient to allow intelligent review of Supreme Court's summary conclusion. We therefore remit this matter to Supreme Court to determine which State is the more appropriate forum. On remittal, the parties should be permitted to submit further evidence regarding that issue *(see, Clark v Boreanaz, supra)*.

The stay previously granted by our Court remains in effect. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Custody.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.