■ In the Matter of EDWARD ADAMS, Appellant, v CAROL A. McPHERSON, Respondent. [597 NYS2d 505] —Weiss, P. J. Appeal from an order of the Family Court of Broome County (Kepner, Jr., J.), entered July 26, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to find respondent in violation of a prior order of visitation.

The divorce judgment entered in Broome County on June 9, 1983 failed to provide for custody, visitation or support of the parties' child Edward, except to refer those matters to Family Court. Thereafter the child resided with respondent, who moved to North Carolina in 1984. In 1988 respondent permitted the child to live with petitioner in New York until an order of Family Court was made on November 13, 1990 upon a written stipulation resolving cross petitions for custody and visitation. Family Court awarded joint custody of the child to the parties and changed his primary residence to be with respondent in North Carolina. The consensual order established a visitation schedule and provided that Family Court would retain jurisdiction for purposes of future modification and violations.

On April 2, 1991, petitioner commenced a proceeding alleging that respondent had violated the visitation provision in the order by refusing to permit the child to visit with petitioner for the spring school vacation. That proceeding was adjourned for 60 days in contemplation of dismissal on the condition that there be no further violation of the visitation provisions. On July 1, 1991, petitioner again alleged that respondent had violated the order by refusing to permit the child to fulfill the next scheduled visitation during his six-week summer vacation period. On July 24, 1991, Family Court dismissed the petition and transferred jurisdiction over the child to the North Carolina courts in compliance with a request made on June 4, 1991 by a North Carolina District

Court following petitioner's default* in a proceeding respondent initiated there to acquire jurisdiction and modify custody and visitation. The District Court enclosed a copy of a proposed order which it intended to enter when New York relinquished jurisdiction. The order restricted petitioner's visitation rights to times and places agreed upon by both parties but only under respondent's direct supervision. The order essentially terminated the previous joint custody and severely limited petitioner's visitation rights. Petitioner has appealed from the order of Family Court which dismissed his petition and transferred jurisdiction to North Carolina.

We reverse. Just six months after the entry of a consensual custody-visitation order in Broome County which established the child's primary residence with respondent in North Carolina, and within days of a May 2, 1991 order providing for visitation, respondent recommenced litigation of the custody-visitation issues in another State, continuing the controversy over the child's custody and visitation, a circumstance specifically sought to be avoided by the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A; § 75-b [d], [f]). The November 13, 1990 Family Court order made upon written stipulation specifically retained continuing jurisdiction in New York, which resulted in the requirement that North Carolina courts defer to New York jurisdiction absent a declination by this State *(see,* 28 USC § 1738A [a], [f]; *Capobianco v Willis,* 171 AD2d 834).

Family Court erroneously concluded that the stipulation establishing the primary residence of the child in North Carolina was fatal to petitioner's position *(see, Capobianco v Willis, supra).* While the relocation may be a factor in determining that the New York forum has become inconvenient *(see,* Domestic Relations Law § 75-h; *see also, Matter of Heitler v Hoosin,* 143 AD2d 1018; *Singer v Singer,* 79 AD2d 680), the factors set forth in Domestic Relations Law § 75-b, such as petitioner's ability to fully participate in the North Carolina proceeding and the proximity in time of the prior New York proceedings, merit consideration. The issues raised in North Carolina were relevant to the New York proceeding held one month earlier, particularly if the drastic relief proposed by the North Carolina District Court was warranted.

---

* Notice of the hearing was alleged to have been mailed to petitioner on May 7, 1991 and May 28, 1991 and a copy was affixed to his door on May 28, 1991. The default hearing was held on May 30, 1991. At this time, North Carolina lacked jurisdiction to modify the existing order of custody *(see,* 28 USC § 1738A [f]).

Accordingly, the order of Family Court must be reversed and the matter remitted for further proceedings not inconsistent herewith.

Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.