■ MICHAEL MARKS, Appellant, v CARA MARKS, Respondent. [630 NYS2d 344] —In an action to vacate a divorce judgment entered November 2, 1990, in which a separation agreement entered into between the parties on September 18, 1990, was incorporated but not merged, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated December 21, 1993, which (1) granted the defendant wife's motion for summary judgment dismissing the complaint, and (2) denied his motion to modify his visitation rights upon its finding that the California courts had already exercised jurisdiction to determine the matter.

Ordered that the order is affirmed, with costs.

After the parties entered into a separation agreement, and after the New York divorce judgment was final, the defendant, accompanied by the three children of the marriage, moved to California. Contrary to the plaintiff's contention, the New York Supreme Court properly declined to determine the visitation issue in this instance.

The record indicates that the California Superior Court had already made an affirmative finding that it had jurisdiction to determine custody, visitation, and child support issues. The defendant had obtained an order from the California Superior Court establishing the New York judgment of divorce as a judgment in California. Moreover, the California Superior Court determined that California was the home State, the children had a significant connection with California, and that

there was substantial evidence in California concerning the children's present and future care. It was, therefore, in the children's best interests that California assume jurisdiction *(see,* Domestic Relations Law § 75-d). Further, there was no evidence that the California court intended to relinquish jurisdiction *(see,* Domestic Relations Law § 75-g). Accordingly, the New York Supreme Court did not err by declining to exercise jurisdiction to determine the visitation issue *(see generally, Vanneck v Vanneck,* 49 NY2d 602, 610; *Matter of Heitler v Hoosin,* 143 AD2d 1018).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.