■ In the Matter of TAMMY IRWIN, Respondent, v PETER SCHMIDT, Appellant. [653 NYS2d 627] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Feiden, J.), dated July 27, 1995, which, after a hearing, granted the mother's petition for custody of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

The parties were divorced by a judgment of the Supreme Court, Sullivan County, dated September 30, 1988, in which a separation agreement between the parties was incorporated

but did not merge. The separation agreement gave the appellant father custody of the parties' two children. In December 1988, the father relocated to Florida with the children, without objection from the mother, who continued to reside in New York. In May 1994 the mother was given temporary custody of the children by the Florida Circuit Court after the father was charged with assaulting his current wife. On August 4, 1994, the mother commenced this proceeding in the Family Court, Nassau County, to obtain custody of the children. After a hearing, the Family Court granted custody to the mother.

The evidence indicates that the children have a strong connection to this State in that the parties were married in New York, the marital home was in New York, and the children were born in New York and lived there until relocating to Florida with the father. The mother continues to reside in New York, and the children have visited her in New York during summer and holiday school recesses. In addition, the children had been undergoing counseling in New York after their return to this State. The Family Court therefore had jurisdiction to modify the custody provision of the parties' separation agreement (*see,* Domestic Relations Law § 75-d [1] [b]; *Matter of Heitler v Hoosin,* 143 AD2d 1018; *Matter of Noguera v Noguera,* 129 AD2d 906, 908-909), and the court's exercise of its continuing jurisdiction was consistent with the Parental Kidnaping Prevention Act of 1980 (28 USC § 1738A [d]; *see also, Clark v Boreanaz,* 159 AD2d 981; *Matter of Heitler v Hoosin, supra; Matter of Noguera v Noguera, supra; see also, Schumaker v Opperman,* 187 AD2d 1033; *Capobianco v Willis,* 171 AD2d 834). We find no merit to the father's contention that Florida was a more appropriate forum (*see,* Domestic Relations Law § 75-h; *Vernon v Vernon,* 210 AD2d 170; *Matter of Vanessa E.,* 190 AD2d 134).

Upon a review of the record and consideration of the relevant factors (*see, Eschbach v Eschbach,* 56 NY2d 167), we are satisfied that the Family Court correctly determined that the best interests of the children would be served by granting the mother custody. Notably, evidence of the father's acts of domestic violence against his current wife demonstrated that he possesses a character which is ill-suited to the difficult task of providing his young children with moral and intellectual guidance (*see, Matter of Rohan v Rohan,* 213 AD2d 804; *Matter of Acevedo v Acevedo,* 200 AD2d 567).

As to the issue of visitation, the Family Court granted the father the right to visitation within the New York metropolitan area, but directed that he could not have visitation outside

the metropolitan area or in his current wife's presence until he completed a family therapy program. We find no improvident exercise of the court's discretion in this regard (*see, Landau v Landau*, 214 AD2d 541; *Matter of Hughes v Wiegman*, 150 AD2d 449). Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.