■ ROBIN R. CORKINS, Appellant, v KAREN J. CORKINS, Respondent. [677 NYS2d 611] —In an action to modify a judgment of divorce, the father appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated August 26, 1997, which, *inter alia*, determined that the Supreme Court had jurisdiction in this matter.

Ordered that the order is affirmed, with costs.

The parties were divorced by an amended judgment of the Supreme Court, Columbia County, entered May 20, 1993, in which the terms of a "stipulation and opt-out agreement" dated June 10, 1992, were incorporated but not merged. That agreement gave the parties joint custody of their only child and physical custody to the mother, who lived in New York.

The mother remarried in April 1993 and the father relocated from New York to North Carolina in November 1994. In August 1995 the mother and father agreed that the child would temporarily reside with the father due to the mother's marital difficulties with her second husband. In or about May 1997 the father commenced a proceeding in North Carolina to modify the New York judgment of divorce to grant sole custody of the child to him. In June 1997 the child returned to New York. The mother then commenced this action to modify the judgment of divorce to grant her sole custody of the child and to enjoin the father from continuing with his North Carolina proceeding. The Supreme Court determined that it had jurisdiction over the dispute and ordered a hearing on the issue of custody.

Contrary to the father's contention, the evidence indicates that the child and the parties still have a strong connection to this State in that the parties were married in New York, and the child was born in New York and lived here until temporarily relocating to North Carolina to live with the father. Moreover, the mother continues to reside in New York and the child had

visited her in New York during his summer vacation and school holiday recesses. The Supreme Court therefore had jurisdiction to modify the custody provisions of the divorce judgment (*see,* Domestic Relations Law § 75-d [1] [b]; *Matter of Irwin v Schmidt,* 236 AD2d 401; *Matter of Heitler v Hoosin,* 143 AD2d 1018). Since the Supreme Court issued the first custody determination, its continued exercise of jurisdiction was consistent with the Parental Kidnaping Prevention Act of 1980 (*see,* 28 USC § 1738A [d]; *Matter of Irwin v Schmidt, supra*). Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.