*907 OPINION OF THE COURT
William P. Warren, J.
This proceeding was commenced by the filing of an order to show cause on August 2, 1999. The petitioner is seeking a modification of a custodial visitation schedule established as a result of a stipulation of settlement subsequently incorporated but not merged into a judgment of divorce dated September 13, 1995 in the Rockland County Supreme Court. The respondent has filed an affirmation in opposition and an attorneys affirmation in which the issue of this court’s jurisdiction to hear the matter is raised. The respondent claims that the home State for the child is New Jersey and, therefore, this court is without jurisdiction to proceed. The Law Guardian for the child has submitted a reply affirmation in which she takes the position that this court does have jurisdiction. On August 23, 1999, the petitioner submitted an affidavit in response to the respondent’s answer together with a memorandum of law. On August 26, 1999, the respondent filed a reply affirmation.
The facts in this proceeding are not in significant dispute. The parties have joint custody of K.C. who is now almost 10 years of age. K. resides with R.C. in Lincoln Park, New Jersey, during the week, as well as the first weekend of every month during the school year. She splits summer vacation and alternates other vacations and holidays with her parents. In addition, the child has a Wednesday visitation with her mother from 6:00 p.m. to 8:00 p.m. The parties have joint legal custody.
K. moved with her father to New Jersey on September 23, 1998. Prior to that time she had been a resident of Rockland County, New York. On or about July 1999, the respondent advised the petitioner that he would be moving from Lincoln Park, New Jersey, to Belle Meade, New Jersey, in September of 1999, and that K. would have to change schools. For several years K. has been attending the St. Anthony’s School in Nanuet, New York. She continued with this schooling even after she relocated to New Jersey in September of 1998. According to the affirmation from the Law Guardian, K. has been seeing a therapist in Rockland County, New York, for approximately four years and is still seeing that therapist. The petitioner mother has family in Rockland County with whom the child has a relationship. Up until September of 1998, the child’s doctors, dentist and friends were all in Rockland County and according to the petitioner, the child is still seeing those same health care providers.
*908 In April of 1998, the then petitioner, R.C., filed a petition seeking permission of the court to relocate with K. to Bucks County, Pennsylvania. After a lengthy hearing, the court decided by decision and order of August 24, 1998 that the application should be denied for the reasons set forth therein. Shortly thereafter, to wit, in September of 1998, the then petitioner, R.C., relocated to New Jersey but to a location far closer to Rockland County than he had requested in his application to move to Bucks County, Pennsylvania. He continued the child in the St. Anthony’s School during the school year 1998/1999.
The question for this court to decide is whether under these facts does the State of New York have jurisdiction to proceed to hear and determine the instant petition. The petitioner argues that jurisdiction may be asserted under Domestic Relations Law § 75-d (1) (b) even though New Jersey is now the child’s home State. The Law Guardian joins in that argument. The respondent claims Domestic Relations Law § 75-d (1) (b) is preempted by 28 USC § 1738A, the Federal Parental Kidnaping Prevention Act, and this statute prohibits New York from asserting jurisdiction under Domestic Relations Law § 75-d (1) (b) where the child has a home State other than New York.
For the purpose of deciding this issue this court assumes, based upon the factual information presented to it, that this child and at least her mother have a significant connection with the State of New York and that there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training and personal relationships. Therefore, for the purpose of deciding this application the court is assuming that it is in the best interests of the child for a court of this- State to assume jurisdiction. Respondent shall have the right, if he chooses, to contest this issue and have a hearing thereon since the court has not had the ability to conduct a hearing and make factual findings regarding that question. However, in order to decide the instant application, the court must make the foregoing assumption.
The issue before this court is where another State, New Jersey, is the home State of the child, does New York have jurisdiction to modify a prior order of a New York court provided one of the contestants continues to reside in New York. Upon a review of the case law of the State of New York, it appears that the Appellate Divisions are not in agreement as to what the answer to this question is and, therefore, a definitive answer will have to be given by the Court of Appeals.
*909 The Appellate Division, Third Department, has clearly stated in a proceeding which involved a petition for modification of a prior New York custody order, that “First, petitioner’s contention ignores our recent decisions in Matter of MacAdam v Hosmer (244 AD2d 665, lv denied 91 NY2d 806) and Matter of Noland v Noland (200 AD2d 922), which held that jurisdiction cannot be invoked under Domestic Relations Law § 75-d (1) (b) if another State is the ‘home State’ of the child (see, Warshawsky v Warshawsky, 226 AD2d 708; Matter of Croskey v Taylor, 183 AD2d 680; Matter of Perri v Mariarossi, 172 AD2d 671, 672, lv denied 79 NY2d 757; People ex rel. Rosenberg v Rosenberg, 160 AD2d 327, 328-329; Matter of Michael P. v Diana G., 156 AD2d 59, 64-65, lv denied 75 NY2d 1003; but see, Matter of Irwin v Schmidt, 236 AD2d 401, 402, lv denied 89 NY2d 815; Matter of Heitler v Hoosin, 143 AD2d 1018; Matter of Noguera v Noguera, 129 AD2d 906, 908-909).” (Matter of Hahn v Rychling, 258 AD2d 832, 834.) That Court went on to state: “More significantly, petitioner, in contending that New York has acquired jurisdiction under Domestic Relations Law § 75-d (1) (b), overlooks the critical distinction that exists between that section and its Federal counterpart under the PKPA (see, 28 USC § 1738A [c] [2] [B]). Although 28 USC § 1738A (c) (2) (B) indeed contains much of the same ‘best interest’, ‘significant connection’ and ‘substantial evidence’ language found in Domestic Relations Law § 75-d (1) (b), such provision also requires that ‘it appear [ ] that no other State would have jurisdiction under [28 USC § 1738A (c) (2) (A)]’, i.e., that no other State is the ‘home State’ of the child or had been for the six months immediately preceding the commencement of the underlying proceeding. As the PKPA preempts the UCCJA by virtue of the Supremacy Clause of the US Constitution (see, Matter of Michael P. v Diana G., supra, at 65), Domestic Relations Law § 75-d (1) (b) must be read as incorporating the additional limitation set forth in 28 USC § 1738A (c) (2) (B) (see, Matter of Michael P. v Diana G., supra, at 65; Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 306).” (Matter of Hahn v Rychling, 258 AD2d 832, 834-835.)
The Third Department has, therefore, apparently adopted a clear test for determining whether a New York court may assert jurisdiction pursuant to Domestic Relations Law § 75-d (1) (b). That test is if there is another “home State”, then New York courts may not utilize the language of Domestic Relations Law § 75-d (1) (b) to establish jurisdiction in New York.
*910 The dissent in the Matter of Hahn v Rychling case (supra) argues that the majority has failed to recognize a “critical point.” She states: “The critical point, ignored by the majority, is that where the proceeding seeks modification of a prior custody order made by a court of this State, New York may exercise jurisdiction pursuant to subdivision (d) of 28 USC § 1738A upon a finding that the criteria enumerated in Domestic Relations Law § 75-d (1) (b) have been met. It remains entirely true, but irrelevant here, that where the provisions of subdivision (d) do not apply, i.e., where the proceeding seeks not modification but an original custody determination, the child’s ‘home State’ has exclusive jurisdiction. The cases relied upon by the majority (Warshawsky v Warshawsky, 226 AD2d 708; Matter of Perri v Mariarossi, 172 AD2d 671, lv denied 79 NY2d 757; Matter of Michael P. v Diana G., 156 AD2d 59, lv denied 75 NY2d 1003) involve proceedings not to modify custody determinations but to obtain them in the first instance.” (Matter of Hahn v Rychling, 258 AD2d 832, 835-836.)
The decision in Matter of Hahn v Rychling (supra) turns upon the interpretation of section 1738A of the Federal Parental Kidnaping Prevention Act (28 USC § 1738A) (hereinafter PKPA). The pertinent language of that section reads as follows: “(d) The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.” (28 USC § 1738A [d].)
This subsection refers the court to section 1738A (c) which reads as follows:
“(c) A child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if—
“(1) such court has jurisdiction under the law of such State; and
“(2) one of the following conditions is met:
“(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
*911 “(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
“(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
“(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody or visitation of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction”.
However, it is of significance that the reference in section 1738A (d) is not to subsection (c), but to subsection (c) (1). As this court understands the analysis, it appears that the majority in Matter of Hahn v Rychling (supra) reads the reference to subsection (c) (1) in 28 USC § 1738A (d) to include the “and” contained at the end of subsection (c) (1). By including the “and”, subsection (c) (2) (B) comes into the equation. Since (c) (2) (B) begins with the statement that “it appears that no other State would have jurisdiction under subparagraph (A)”, it precludes utilizing subsection (c) (2) (B) as a basis for jurisdiction in any case where there is another home State. Therefore, under this interpretation of 28 USC § 1738A, whenever New York is not the home State and there exists another home State, New York may not exercise jurisdiction to modify a prior New York custody order premised upon the language of the PKPA in section 1738A (c) (2) (B). Therefore, since the PKPA prepreempts the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law § 75-d), the argument is that Domestic Relations Law § 75-d (1) (b) is not available as a basis for jurisdiction if there is another home State.
The dissent in Matter of Hahn v Rychling (supra) makes a distinction between cases which seek a modification of a prior New York order and those which are either de novo proceedings regarding custody or seek a New York modification of an *912 other State’s order. In arriving at her conclusion, the Justice has apparently read the very same language of the PKPA in a slightly different way. Where the statute (28 USC § 1738A [d]) refers to jurisdiction continuing as long as the “requirement of subsection (c)(1) of this section continues to be met”, the dissent reads subsection (c) (1) without including therein the reference to the word “and” at the end of subsection (c) (1). By not including the “and”, the only requirement necessary to continue with New York jurisdiction in a case seeking a modification of a New York order is that a contestant continue to reside therein and New York has jurisdiction under its law. Significantly, since New York State has Domestic Relations Law § 75-d (1) (b), it allows New York to have jurisdiction where “(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships”. This language in the New York statute does not have the limiting language found in 28 USC § 1738A (c) (2) (B) (i). This latter statutory reference is where the requirement is found that “it appears that no other State would have jurisdiction under subparagraph (A)” (referring to the home State language). Therefore, according to the dissent, New York may assert jurisdiction in a modification proceeding even in the face of there being another home State.
An analysis of case law from the First, Second and Fourth Departments shows that the position adopted by the dissent in Matter of Hahn v Rychling (supra) is consistent with the decisional law in those Departments. The Fourth Department, in Schumaker v Opperman (187 AD2d 1033), decided that New York had jurisdiction to entertain a petition for custody. The parties had been divorced in 1986 and sole custody was given to the plaintiff. In 1988 the parties stipulated in Supreme Court to joint custody. In 1989 the plaintiff with the child moved to Michigan. In December of 1991 the defendant petitioned in Supreme Court for custody. Under these facts, the Court held (at 1033):
“Although Michigan is the home State of the children (see, Domestic Relations Law § 75-c [5]), they and plaintiff lived in New York for the four months immediately before this proceeding was begun.
“Because defendant has continued to reside in New York and because Supreme Court made a prior custody determination, *913 the court had jurisdiction to entertain defendant’s petition (see, Domestic Relations Law § 240; 28 USC § 1738A [d]; see also, Clark v Boreanaz, 159 AD2d 981; Matter of Heitler v Hoosin, 143 AD2d 1018; see generally, Capobianco v Willis, 171 AD2d 834; Matter of Tenenbaum v Sprecher, 133 AD2d 371).”
The Fourth Department, in Clark v Boreanaz (159 AD2d 981, supra), also allowed a modification proceeding to continue in New York under Domestic Relations Law § 75-d (1) (b) even though New York was not the child’s home State. The Court found that the PKPA did not preempt it from modifying its prior order where one of the contestants resided in New York and New York had jurisdiction under State law.
There are three First Department decisions which appear, at first blush, to support the majority opinion in Matter of Hahn v Rychling (258 AD2d 832, supra; see, Matter of Croskey v Taylor, 183 AD2d 680, supra; People ex rel. Rosenberg v Rosenberg, 160 AD2d 327, supra; Matter of Michael P. v Diana G., 156 AD2d 59, supra). However, in each of those decisions, no reference is made to the proceedings being brought to modify a prior New York order. Therefore, it appears that they each addressed circumstances where a party was bringing a de novo petition for custody and the child’s home State was a State other than New York. Under these circumstances the PKPA is clear that jurisdiction cannot be premised under 28 USC § 1738A (c) (2) (B) if there is a home State for the child that is not New York. Consequently, those decisions are not at odds with the position taken by the dissent in Matter of Hahn v Rychling (supra).
An analysis of the decisions in the Second Department shows that its decisions can be reconciled by drawing a distinction between cases where a party brings a de novo custody petition and those where a modification of a New York custody order is sought.
In Matter of Heitler v Hoosin (143 AD2d 1018, supra), the child’s home State was Illinois since she had resided there for eight months preceding the commencement of the proceeding. Nonetheless, the Court allowed jurisdiction in New York under Domestic Relations Law § 75-d (1) (b) holding that the PKPA was not violated, even though another State was the home State of the child. “We agree with the determination by the Family Court that it has jurisdiction to modify the custody provision in the parties’ New York divorce judgment pursuant to Domestic Relations Law § 75-d (1) (b) (Uniform Child Custody Jurisdiction Act [UCCJA]). The evidence establishes that the *914 children have a significant connection to this State in that the parties were married in New York, the marital home was in New York and the children lived in New York all their lives until moving with the wife to Chicago approximately eight months before this proceeding was commenced. The husband still lives in New York, and there is evidence of this substantial connection between the children and the State of New York within the jurisdiction of the Family Court {see, e.g., Charpentier v Charpentier, 98 AD2d 740, appeal dismissed 62 NY2d 804). Nor would the exercise of jurisdiction by a New York court violate the Parental Kidnaping Prevention Act of 1980 (hereinafter PKPA; 28 USC § 1738A). Even though New York is no longer the children’s home State, the PKPA permits a State to exercise continuing jurisdiction to modify its custody determinations as long as the court has jurisdiction under State law and one of the contestants resides in the State (28 USC § 1738A [c] [1]; [d]; cf, Matter of Tenenbaum v Sprecher, 133 AD2d 371).” (Matter of Heitler v Hoosin, 143 AD2d 1018, 1019.)
In Matter of Irwin v Schmidt (236 AD2d 401), the facts indicated that Florida was the home State. The Appellate Division agreed with the lower court in holding that it had jurisdiction under Domestic Relations Law § 75-d (1) (b), consistent with the PKPA. The proceeding involved modifying a separation agreement which had been incorporated but not merged in a New York Supreme Court divorce.
In Matter of Perri v Mariarossi (172 AD2d 671, supra), the Second Department said New York could not assume jurisdiction under Domestic Relations Law § 75-d (1) (b) since that section cannot be utilized if the children have a home State other than New York. However, there is no indication in the decision that the proceeding was one seeking a modification of a prior New York order. Therefore, this decision is not inconsistent with those which allowed jurisdiction under Domestic Relations Law § 75-d (1) (b) where New York is not the home State provided it is one seeking to modify a prior New York order.
Finally, in Capobianco v Willis (171 AD2d 834, supra), the Court was confronted with a proceeding brought in New York where New York was the home State. However, Kansas had issued the initial custody order and one of the contestants continued to reside in that State. The Court noted that the Kansas statute involved was identical to New York’s provisions of the UCCJA {see, Domestic Relations Law § 75-d). In upholding the lower court’s determination to dismiss the proceeding, *915 even though New York was the home State, the Court held: “However, the Parental Kidnapping Prevention Act (hereinafter PKPA) (28 USC § 1738A et seq.), which preempts the UCCJA under the Supremacy Clause of the United States Constitution (see, Enslein v Enslein, 112 AD2d 973; see also, People ex rel. Rosenberg v Rosenberg, 160 AD2d 327, 328; Matter of Michael P. v Diana G., 156 AD2d 59, 65), requires the New York court to defer to the jurisdiction of the Kansas courts. Under the PKPA, the New York court may not exercise jurisdiction to modify the Kansas judgment unless the Kansas court no longer has jurisdiction or declines to exercise that jurisdiction (see, 28 USC § 1738A [a], [f]). The PKPA further provides that the State which issued a judgment awarding custody continues to have jurisdiction if its own laws provide for continuing jurisdiction and one of the contestants continues to reside in that State (see, 28 USC § 1738A [d]). Under the relevant provision of Kansas Statutes § 38-1303 (a) (1), which is identical to New York’s provision of the UCCJA (see, Domestic Relations Law § 75-d [1] [a]), the Kansas court retained jurisdiction over modification of the father’s visitation rights.” (Capobianco v Willis, 171 AD2d 834, 835-836.)
Pursuant to this reasoning, the Second Department would undoubtedly hold that even if New Jersey is the home State, where New York had issued the judgment awarding custody, it continues to have jurisdiction so long as one of the contestants continues to reside therein and New York’s statute provides for jurisdiction (see, Domestic Relations Law § 75-d [1] [b]).
Notwithstanding the majority holding in Matter of Hahn v Rychling (supra), this court finds that case law in the First, Fourth and notably the Second Departments, agrees that New York courts have the authority to assert jurisdiction under Domestic Relations Law § 75-d (1) (b) when a modification of a prior New York order is sought and one of the contestants continues to reside in the State even when the child’s home State is not New York. Further, the PKPA is not inconsistent with such a holding for the reasons previously stated herein. Therefore, respondent’s application to dismiss the instant proceeding is denied.