OPINION OF THE COURT
Kerry R. Trainor, J.
This cross motion is denied to the extent indicated herein: This writ of habeas corpus was filed by the petitioner mother on July 27, 2000. The respondent father has moved to dismiss on the grounds that this court lacks jurisdiction. He notes that *72 the children were sent to live with his mother and him in Florida pursuant to a written agreement that was signed by the petitioner mother on January 15, 2000.
A review of the agreed-upon facts and relevant court files indicates that Justice Henry of the Supreme Court, Suffolk County, entered a divorce order on July 10, 1996; the petitioner mother was awarded custody of the infant issue of the marriage. There was a subsequent modification petition in Family Court (Suffolk County) before Judge Kent. This resulted in a modification of the father’s visitation rights, but the custody award to the mother was not disturbed.
The parties agree that in spite of this award of custody, the children were sent to stay with the respondent father and his mother in Florida in January of 2000. At that time, the mother signed a document acknowledging this arrangement and describing it as “temporary.” Specifically it stated, “giving them (father and grandmother) Temporary Custody until I can better care for our sons. With the understanding when I come for them I will be able to care for them again.” It is alleged that this arrangement came about due to housing problems that the mother was encountering at that time. The parties also agree that the children had resided with the father in Florida for more than six months before the mother commenced this proceeding. Throughout this time, the mother has continued to reside in New York State. It is also significant to note that except for this stay in Florida, these children have resided for their entire lives in the State of New York. They are now 10 years old and 8V2 years old.
In support of the argument that the mother’s writ of habeas corpus must be dismissed, the father cites certain provisions of a New York State law which is commonly referred to as the “Uniform Act.” Specifically he relies upon Domestic Relations Law § 75-d (1) (a), which states that a court of this State has jurisdiction to hear a child custody matter when this State, “(i) is the home state of the child at the time of the commencement of the custody proceeding.” Home State is defined in Domestic Relations Law § 75-c (5) as, “the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as a parent, for at least six consecutive months.” Since these children resided for the preceding seven months in Florida, the father argues that jurisdiction has shifted to that State.
The petitioner mother, on the other hand, relies upon other provisions of the “Uniform Act” in support of her position that *73 New York should retain jurisdiction. Specifically, she cites Domestic Relations Law § 75-d (1) (b), which states in pertinent part that: “it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships.”
Additionally, the mother relies on a provision of a Federal law, commonly known as “The Parental Kidnaping Prevention Act”, which is found at 28 USC § 1738A (d). This section states: “The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant.”
It is fair to say that these two litigants have appeared before this court to make opposing good-faith jurisdictional arguments, each of which is apparently supported by statutory provisions. In a given set of circumstances, either of the opposing authorities might prove dispositive. The resolution of this significant dispute is further complicated by the fact that in circumstances similar to this case, the various Appellate Divisions of this State appear to be in conflict.
If this matter were before a court in the Third Department, it would appear that the father stands on firmer legal ground (see, Matter of Hahn v Rychling, 258 AD2d 832 [3d Dept 1999]). On the other hand, pursuant to the existing case law in the First, Second and Fourth Departments, the petitioner mother’s claim of jurisdiction in this State is the stronger of the opposing arguments (see, Matter of Irwin v Schmidt, 236 AD2d 401 [2d Dept 1997]; Matter of Heitler v Hoosin, 143 AD2d 1018 [2d Dept 1988]; Schumaker v Opperman, 187 AD2d 1033 [4th Dept 1992]; C.R.-C. v. R.C., 181 Misc 2d 906 [Fam Ct, Rockland County 1999]; cf., Capobianco v Willis, 171 AD2d 834 [2d Dept 1991]; see also, Matter of Hahn v Rychling, supra, at 835-837 [Mikoll, P. J., dissenting]).
This court has given full consideration to the arguments submitted by both sides. Under the particular circumstances of this case, as a matter of fairness and law, the jurisdictional issue must be resolved in conjunction with the Appellate Division, Second Department decisions. It is clear that this court *74 should assert jurisdiction over this matter. The agreed-upon written document that was signed by the mother states her position unequivocally. It was her intention to place the children temporarily in the State of Florida, while retaining the right to reclaim them. It is equally clear that these children have a strong attachment to the State of New York, and the bulk of the evidence relating to their development is found here.
The effect of the seven-month stay in Florida must be minimized; the mother’s continuing residence and the children’s attachment to this State must prevail. Accordingly, the respondent father’s motion to dismiss the writ of habeas corpus is denied and the matter is set down for a conference on November 15, 2000, at which time the children shall be produced in accordance with the writ and the father’s request for custody will be considered.